FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LESLIE A. KERR,
                *Plaintiff-Appellant*,

v.

SALLY JEWELL, Secretary of
Department of the Interior,
                *Defendant-Appellee.*

No. 14-36000

D.C. No.
3:08-cv-00230-RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 2, 2016
Anchorage, Alaska

Filed September 6, 2016

Before: Raymond C. Fisher, Richard A. Paez
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Whistleblower Protection Act

The panel affirmed the district court's dismissal for lack of jurisdiction of plaintiff's claim under the Whistleblower Protection Act ("WPA") brought against her former employer, the United States Fish and Wildlife Service, based on plaintiff's failure to present the WPA claim to the Merit Systems Protection Board.

The panel held that the statutory scheme governing the Civil Service Reform Act and the WPA did not authorize plaintiff to file her WPA claim in district court without first presenting it to the Merit Systems Protection Board. The panel further held that the district court lacked jurisdiction over plaintiff's WPA claim because the Merit Systems Protection Board provides the exclusive avenue for obtaining judicial review of a WPA claim. Finally, the panel held that the district court did not abuse its discretion by declining to remand her WPA claim to the Merit Systems Protection Board.

### COUNSEL

Stephani Ayers (argued) and Thad M. Guyer, T.M. Guyer & Friends, P.C., Medford, Oregon, for Plaintiff-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Charles W. Scarborough (argued), Stephanie R. Marcus, and
Marleigh D. Dover; Karen L. Loeffler, United States
Attorney; Benjamin C. Mizer, Principal Deputy Assistant
Attorney General; Civil Division, Department of Justice,
Washington, D.C.; for Defendant-Appellee.

**OPINION**

FISHER, Circuit Judge:

Leslie Kerr, a former employee of the United States Fish
and Wildlife Service (FWS), contended she was
discriminated and retaliated against in violation of Title VII
and retaliated against in violation of the Whistleblower
Protection Act (WPA). Kerr presented her claims to FWS's
Equal Employment Opportunity (EEO) office, which denied
her Title VII claims on the merits and dismissed her WPA
claim for lack of jurisdiction. Rather than appealing the EEO
office's decision to the Merit Systems Protection Board
(MSPB), which had jurisdiction to review the WPA claim on
the merits, Kerr filed a civil action in federal district court,
asserting both her Title VII claims and her WPA claim. The
district court dismissed the WPA claim for lack of
jurisdiction based on Kerr's failure to present the claim to the
MSPB. Kerr appeals, and we affirm.

We hold, first, that the statutory scheme governing the
Civil Service Reform Act (CSRA) and the WPA did not
authorize Kerr to file her WPA claim in district court without
first presenting it to the MSPB. Kerr has what is known as a
"mixed case," because she challenges a serious personnel
action – her removal – on account of discrimination. In a
mixed case, a decision of an agency's EEO office is subject

to review in the district court, without an intervening stop at the MSPB. *See* 5 U.S.C. § 7702(a)(2). Kerr was free to take her Title VII claims directly from FWS's EEO office to district court, bypassing the MSPB. Nothing in § 7702(a)(2), however, authorizes an employee to present an entirely unreviewed WPA claim in district court without first presenting it to the MSPB.

Second, although a federal district court can exercise federal question jurisdiction under 28 U.S.C. § 1331, that general grant of jurisdiction does not apply where it is fairly discernible that Congress intended a statutory review scheme to provide the exclusive avenue to judicial review. *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2132–33 (2012). In *Elgin*, the Supreme Court applied this principle to the CSRA, holding that, "[g]iven the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court." *Id.* at 2134. The WPA is part of the CSRA, and nothing in the WPA alters the conclusion the Court reached in *Elgin*. The statutory scheme places exclusive original jurisdiction in the MSPB. Accordingly, the scheme precluded the district court from exercising original jurisdiction over Kerr's WPA claim.

## BACKGROUND

We described the facts underlying this case in an unpublished decision resolving a previous appeal. *See Kerr v. Jewell*, 549 F. App'x 635, 636–38 (9th Cir. 2013). As we explained there, Kerr was employed by FWS as director of the Kodiak National Wildlife Refuge. Over a period of months, Kerr was subjected to a series of adverse personnel

actions. These included a negative performance evaluation rating her "minimally successful," a warning letter stemming from an allegedly inappropriate contact with another employee and a 60-day temporary assignment (or "detail") to a position in Anchorage. Later, her superiors made the assignment to the Anchorage position permanent. When Kerr refused the reassignment, the agency approved her removal from employment, and Kerr involuntarily retired on the day her removal would have taken effect.

While these events were unfolding, Kerr was also subjected to alleged sex discrimination. During a performance review, a supervisor asked Kerr whether she could "learn to be more feminine." *Id.* at 636. She also reported finding Playboy magazines in a cabin at the refuge. During the same period, Kerr filed a series of complaints with her superiors, the human resources office and the Department of the Interior's Office of Inspector General, challenging her adverse treatment, complaining about the magazines and her supervisor's comment and reporting what she described as gross mismanagement by her supervisors, including widespread alcohol abuse among FWS employees.

Kerr eventually asserted claims of discrimination and retaliation against FWS. The process began in March 2006, when Kerr filed an informal complaint with the FWS EEO counselor. In May 2006, after the counselor failed to resolve the case, Kerr filed a formal complaint with FWS's EEO office, alleging claims of sex discrimination, religious discrimination and retaliation. As amended, the complaint challenged, among other things, the negative performance review, the warning letter, the 60-day detail in Anchorage, the decision to remove her from employment and her resulting involuntary retirement.

In June 2006, while the EEO complaint was pending, Kerr filed an "appeal" with the MSPB, challenging her removal.[1] The MSPB appeal alleged not only discrimination and retaliation on account of sex and religion, in violation of Title VII, but also retaliation for engaging in protected whistleblower activities, in violation of the WPA and arising from her complaints of mismanagement. The WPA prohibits retaliation against an employee for disclosing "any violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8).

In July 2006, FWS's EEO office accepted Kerr's claims for investigation, other than those relating to her removal. The EEO office dismissed those claims because she had decided to challenge her removal before the MSPB: "By filing with the MSPB first, you elected to pursue this matter with them."

In October 2006, the MSPB informed Kerr it lacked original jurisdiction over her claims pertaining to the less serious adverse personnel actions – the warning letter, the negative performance evaluation and the 60-day detail. *See* 5 U.S.C. § 7512 (listing five serious personnel actions, including "a removal," over which the MSPB has jurisdiction); 5 C.F.R. § 1201.3(a)(1) (same); *see also Reddick v. FDIC*, 809 F.3d 1253, 1256 & n.1 (Fed. Cir. 2016). The MSPB advised Kerr it had jurisdiction solely over claims related to her removal.

---

[1] Although the statute refers to this type of filing as an "appeal," in fact these are original MSPB proceedings.

The MSPB also informed Kerr she had a "mixed case," "in which an employee . . . alleges that a personnel action appealable to the Board was based, in whole or in part, on prohibited discrimination." 5 C.F.R. § 1201.151(a)(1); *see also* 29 C.F.R. § 1614.302(a). The Board gave Kerr two options with respect to her claims relating to her removal. She could either present the claims to FWS's EEO office, later appealing them to the MSPB, or she could bypass the EEO office and present them in the first instance to the MSPB, by filing an original "appeal" with the Board. *See* 5 C.F.R. § 1201.154(a) ("Where the appellant has been subject to an action appealable to the Board, he or she may either file a timely complaint of discrimination with the agency or file an appeal with the Board . . . ."). But she could not challenge her removal in both forums simultaneously. *See* 29 C.F.R. § 1614.302(b) ("An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, but not both."). The Board thus advised Kerr she could either "move to withdraw this appeal without prejudice to the underlying claims, exhaust the agency's EEO procedure, then file a new appeal to the Board concerning her removal within the time limits set forth at 5 C.F.R. § 1201.154(b)," or "she may abandon the EEO procedure with respect to her removal only, and continue to pursue this appeal." Kerr chose the first option, informing the Board "she elects to exhaust EEO procedures before filing a new appeal with the Board concerning her removal."

Accordingly, in November 2006, the MSPB dismissed Kerr's appeal "as premature, without prejudice to the underlying claims." The Board noted Kerr could "file a new appeal to the Board" after conclusion of the EEO proceedings. *See* 5 C.F.R. § 1201.154(b) ("If the appellant

has filed a timely formal complaint of discrimination with the agency . . . [a]n appeal must be filed [with the MSPB] within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue . . . ."). In light of the MSPB dismissal, FWS's EEO office accepted Kerr's claims arising from her removal for investigation.

In September 2008, the Department of the Interior's Office of Civil Rights issued a final decision on Kerr's formal EEO complaint. The decision rejected Kerr's Title VII claims on the merits. To the extent Kerr claimed she was removed in violation of the WPA, however, the Civil Rights Office dismissed the claims, stating "such actions [are] outside the purview of the EEO process and, therefore, not protected activities under Title VII." This ruling was consistent with longstanding Equal Opportunity Employment Commission (EEOC) precedent declining jurisdiction over claims of retaliation not based on discrimination. *See, e.g.*, *Petitioner v. Shinseki*, 2014 WL 899672, at *1 n.1 (EEOC Feb. 27, 2014) ("[T]he Whistleblower Protection Act is a statute that is *not* under the Commission's purview."); *Remsburg v. Daley*, 1998 WL 72077, at *2 (EEOC Feb. 9, 1998) ("[T]he agency properly dismissed that portion of appellant's complaint based on retaliation for unprotected activities . . . [because] whistleblower activities are generally outside the purview of the EEO process.").[2]

When the EEO process was resolved, Kerr did not file an appeal with the MSPB, as she had previously indicated she would do. Instead, she filed this civil action in federal district court, alleging violations of Title VII and the WPA. The

---

[2] Kerr does not challenge the agency's decision that it lacked jurisdiction over her WPA claim. We therefore have no occasion to address that issue.

district court granted summary judgment to the defendants. Kerr appealed, and we vacated and remanded. *See Kerr*, 549 F. App'x 635.

On remand, the government moved to dismiss the WPA claim, arguing for the first time that the district court lacked jurisdiction over the claim because Kerr had failed to present it to the MSPB. The district court granted the motion, noting it was

> undisputed that Kerr failed to fully present her whistleblower retaliation claim to the MSPB before she brought her "mixed claim" action in the district court. Rather, she proceeded with her mixed case before the EEO, which has no jurisdiction to review a WPA claim, and informed her of such. Thus, she has not preserved that claim for judicial review. Indeed, when an employee bypasses the MSPB, federal courts cannot possibly apply the proper deferential standard of review to the agency's action, because there is no record to review, and therefore no decision to defer to. Kerr cites no authority that would allow this Court to decide the WPA claims in the first instance.

*See* 5 U.S.C. § 7703(c) (providing for deferential judicial review of decisions of the MSPB). Following trial, the jury returned a verdict in favor of the government on the Title VII claim, and the district court entered final judgment dismissing Kerr's case.

Kerr filed a motion for relief under Federal Rule of Civil Procedure 59(e), urging the district court to reconsider its jurisdictional ruling on the WPA claim or, alternatively, to remand the WPA claim to the MSPB. The district court denied the motion and declined to remand the claim, noting it could not "'remand' a matter to an agency that did not issue a decision." This timely appeal followed.

## STANDARD OF REVIEW

"We review de novo a district court's dismissal for lack of subject matter jurisdiction." *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007). The district court's factual findings are reviewed for clear error. *See id.* "We review a district court's denial of a Rule 59(e) motion for abuse of discretion." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

## DISCUSSION

Kerr's appeal requires us to address two questions: (1) whether the statutory scheme authorized her to assert her entirely unreviewed WPA claim in the district court without first presenting it to the MSPB and (2) if not, whether her failure to follow the statutory scheme deprived the district court of jurisdiction over the claim. We consider these questions in turn.

## A. The Statutory Scheme Did Not Authorize Kerr to Present Her Unreviewed WPA Claim in District Court

We first address whether the statutory scheme authorized Kerr to present her unreviewed WPA claim in district court – i.e., whether the CSRA and the WPA affirmatively *granted*

the district court jurisdiction over the claim. We begin by briefly describing the respective statutory and regulatory schemes through which a federal employee can obtain administrative and judicial review of claims under the WPA and Title VII.

### 1. Administrative and Judicial Review of WPA Claims

The WPA makes it unlawful to "take . . . a personnel action with respect to any employee or applicant for employment because of . . . any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences . . . any violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8).[3]

The applicable statutes and regulations establish a comprehensive scheme whereby federal employees can obtain administrative and judicial review of their WPA claims. As a general matter, WPA claims must be presented initially to either the Office of Special Counsel (OSC) or the MSPB. *See id.* §§ 1214, 1221(a); 5 C.F.R. § 1209.2. If the employee follows the first path, she files initially with the OSC. She may appeal an adverse decision by the OSC to the MSPB. *See* 5 C.F.R. § 1209.5(a). An adverse decision by the

---

[3] Section 2302(b)(8) was first enacted as part of the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (1978). The Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, 103 Stat. 16 (1989), amended and strengthened the provision. Although the provision derives from both laws, a claim under § 2302(b)(8) is commonly referred to as a WPA claim, and we follow that convention here, as do the parties.

MSPB, in turn, is subject to judicial review. *See* 5 U.S.C. § 1214(c). If the employee follows the second path, she files initially with the MSPB. *See id.* § 1221(a). The MSPB's decision is then subject to judicial review. *See id.* §§ 1221(h); 7703(b).**[4]**

### 2. *Administrative and Judicial Review of Discrimination Claims Generally*

For federal employees who claim they have been discriminated against by their respective agency in violation of Title VII (or other federal antidiscrimination laws), the process for obtaining administrative and judicial review begins with an informal complaint. Employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). If the matter is not resolved by the counselor, the employee may file a formal discrimination complaint with the agency's EEO office. *See id.* §§ 1614.105(d), 1614.106(a). When the EEO office issues a final decision, the employee has the right to appeal the decision to the EEOC, *see id.* § 1614.401, or file a civil action in federal district court, s*ee id.* § 1614.407. When an

---

**[4]** Judicial review ordinarily occurs in the Federal Circuit, subject to two exceptions. First, cases of discrimination subject to 5 U.S.C. § 7702, known as mixed cases, are filed in district court. *See* 5 U.S.C. § 7703(b)(2). Second, under the Whistleblower Protection Enhancement Act of 2012, non-mixed cases involving solely whistleblower claims under the WPA can be filed in any federal circuit court, not just the Federal Circuit, for a five-year period. *See id.* § 7703(b)(1)(B); *Daniels v. Merit Sys. Prot. Bd.*, No. 13-73913, 2016 WL 4191522 at *5 & n.8 (9th Cir. Aug. 9, 2016).

employee elects to appeal first to the EEOC, the EEOC's decision is subject to review in district court. *See id.* § 1614.405(c).

### 3. Administrative and Judicial Review of Discrimination Claims Involving Serious Personnel Actions ("Mixed Cases")

A different scheme applies to mixed cases. "When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Kloeckner v. Solis*, 133 S. Ct. 596, 601 (2012); *see* 29 C.F.R. § 1614.302(a)(1) (defining a "mixed case" as a complaint of "employment discrimination . . . based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)"); 5 C.F.R. § 1201.151(a)(1) (establishing rules for "any case in which an employee or applicant for employment alleges that a personnel action appealable to the Board was based, in whole or in part, on prohibited discrimination"); *accord Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993) ("A 'mixed case' brought under 5 U.S.C. § 7703(b)(2) is one which involves both a personnel action normally appealable to the MSPB and a claim of discrimination."). "The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address," such as a claim under the WPA. 29 C.F.R. § 1614.302(a)(1).

A federal employee bringing a mixed case may proceed in a variety of ways. She may

first file a discrimination complaint with the agency itself, much as an employee challenging a personnel practice not appealable to the MSPB could do. See 5 CFR § 1201.154(a); 29 CFR § 1614.302(b). If the agency decides against her, the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court. See 5 CFR § 1201.154(b); 29 CFR § 1614.302(d)(1)(i). Alternatively, the employee may initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges. See 5 CFR § 1201.154(a); 29 CFR § 1614.302(b). If the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: She may request additional administrative process, this time with the EEOC, or else she may seek judicial review. See 5 U.S.C. §§ 7702(a)(3), (b); 5 CFR § 1201.161; 29 CFR § 1614.303.

*Kloeckner*, 133 S. Ct. at 601.

### 4. *Application of These Principles to Kerr's Action*

Under these principles, Kerr was free to present her WPA claim challenging her removal in a direct appeal to the MSPB. Her Title VII claims challenging the less serious personnel actions (the negative performance evaluation, the warning letter and the 60-day detail) had to be presented to FWS's EEO office. Her Title VII claims challenging her

removal (her mixed case) could have been presented initially to *either* FWS's EEO office or the MSPB.

Kerr instead presented *all* of her claims to FWS's EEO office. When that office ruled against her on her Title VII claims and declined to exercise jurisdiction over her WPA claim, Kerr proceeded directly to district court, bypassing the MSPB. There is no dispute that Kerr was permitted to raise her Title VII claims in district court. The parties dispute, however, whether Kerr was also permitted to assert her WPA claim there, having failed to present it to the MSPB.

Kerr maintains her actions were authorized by the CSRA and WPA statutory scheme, relying on *Wells v. Shalala*, 228 F.3d 1137 (10th Cir. 2000), and 5 U.S.C. § 7702. Section 7702(a)(2) authorizes a direct route from the EEO office to district court in mixed cases. It states:

> In any matter before an agency which involves – (A) any action [which the employee or applicant may appeal to the Merit Systems Protection Board]; and (B) any issue of discrimination prohibited under [section 717 of the Civil Rights Act of 1964, section 6(d) of the Fair Labor Standards Act of 1938, section 501 of the Rehabilitation Act of 1973 or sections 12 and 15 of the Age Discrimination in Employment Act of 1967]; the . . . decision of the agency in any such matter shall be a judicially reviewable action unless the employee appeals the matter to the Board . . . .

5 U.S.C. § 7702(a)(2).

In *Wells*, a federal employee alleged two claims – constructive discharge on the basis of discrimination, in violation of the Rehabilitation Act (a mixed case claim), and retaliation, in violation of the WPA. *See Wells*, 228 F.3d at 1140. The employee filed a formal complaint with her agency's EEO office, which investigated and denied the claims. *See id.* at 1142.[5] The employee then filed a civil action in district court, raising both claims and relying on § 7702(a)(2)(B). *See id.* Although the government argued the district court lacked jurisdiction to hear the employee's WPA claim because he failed to exhaust the claim before the MSPB, the Tenth Circuit disagreed:

> As it applies in this case, § 7702(a)(2)(B) provides that in "*any* matter" before an executive agency which involves "*any* issue of discrimination" prohibited under the Rehabilitation Act of 1973, specifically 29 U.S.C. § 791, the agency shall resolve such matter. (emphasis added). The section then provides: "The decision of the agency in any such matter shall be a judicially reviewable action unless the employee appeals the matter to the [MSPB]." 5 U.S.C. § 7702(a)(2)(B). Thus, the plain language of § 7702(a)(2)(B) provides that if an employee alleges disability discrimination under § 791 as a basis for agency action, he may either file suit in the district court *or* pursue an administrative procedure after an adverse agency decision. 5 U.S.C. § 7702(a)(2)(B); *see also* 29 C.F.R.

---

[5] *Wells* does not discuss whether the agency's EEO office declined to exercise jurisdiction over the employee's WPA claim, as occurred here.

§ 1614.310(a). In addition to his [WPA] retaliation claim, Plaintiff plainly alleges disability discrimination under 29 U.S.C. § 791 as a basis for his constructive discharge.

*Id.* The court thus concluded § 7702(a)(2) authorizes an employee with a mixed case to bring a WPA claim directly from an agency's EEO office to district court, without first presenting it to the MSPB. *See id.* at 1142–43.[6]

Kerr relies on *Wells*, arguing § 7702(a)(2) authorized her to bring her claims, including her WPA claim, directly from the EEO office to district court. We disagree. Although *Wells* offers one plausible reading of § 7702(a)(2), there are several drawbacks to the Tenth Circuit's analysis.

First, the Tenth Circuit did not discuss the practical import of its interpretation of § 7702 where, as here, the EEO declines jurisdiction over the WPA claim. When an employee presents a WPA claim only to the EEO office, the EEO office declines to exercise jurisdiction over the claim, and the employee elects to bypass the MSPB, the employee

---

[6] The Fourth Circuit also has permitted a direct path from the EEO to district court when an employee has a mixed case that also includes a WPA claim, albeit in different circumstances. *See Bonds v. Leavitt*, 629 F.3d 369, 377, 379 (4th Cir. 2011) (applying 5 U.S.C. § 7702(e)(1)(A), the provision that governs when an agency's EEO office fails to resolve a formal complaint within a reasonable period of time, rather than § 7702(a)(2), the provision authorizing judicial review of an unfavorable decision by the EEO office). Under § 7702(e)(1)(B), Kerr would have been entitled to present her entire case, including her WPA claim, in district court had she presented the claims to the MSPB and the MSPB did not resolve them in a timely manner. *See Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1043 (D.C. Cir. 2008). That did not occur here, however.

winds up presenting an *entirely unreviewed* WPA claim to the district court. It is highly unlikely Congress intended that result. As the Supreme Court has explained, the CSRA "'comprehensively overhauled the civil service system,' creating an elaborate 'new framework for evaluating adverse personnel actions against federal employees.'" *United States v. Fausto*, 484 U.S. 439, 443 (1988) (alterations omitted) (quoting *Lindahl v. OPM*, 470 U.S. 768, 773–74 (1985)). "It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." *Id.* The WPA strengthened the CSRA's protections for whistleblowers, expanding the role of the Office of Special Counsel, *see* 5 U.S.C. §§ 1211–15, authorizing employees to seek corrective action directly from the MSPB, *see id.* § 1221(a), and adopting a set of robust procedural rules to protect employees in MSPB proceedings, *see, e.g.*, *id.* § 1221(c)(1) (authorizing the MSPB to stay the allegedly retaliatory personnel action); *id.* § 1221(d)(1) (granting the MSPB subpoena power); *id.* § 1221(e)(1) (requiring an employee to establish only that the protected activity was a "contributing factor" in the challenged personnel action); *id.* § 1221(e)(2) (requiring the government, to avoid corrective action, to prove by "clear and convincing evidence" that it would have taken the same personnel action in the absence of the employee's protected activity); *id.* § 1221(g) (authorizing broad remedies and an award of "reasonable attorney's fees and other reasonable costs"); *id.* § 1221(h)(1) (providing for judicial review of the MSPB's decision). Nothing in the WPA suggests Congress intended to permit employees to bypass this comprehensive system of administrative review. As the D.C. Circuit has observed, "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly

before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002).

Second, judicial review of agency decisions on WPA claims is deferential. *See Sloan v. West*, 140 F.3d 1255, 1260 (9th Cir. 1998); *Washington*, 10 F.3d at 1428. "[T]he court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be . . . (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). When an employee bypasses the MSPB, there is no administrative record to review, and no decision to which a court may defer, but rather only a decision that the EEO lacked jurisdiction.

Third, the Tenth Circuit's reliance on the "plain language" of § 7702(a)(2) lacks persuasive force where, as here, an agency's EEO office refuses to consider the WPA claim on the merits. The statutory language authorizes judicial review of the "*decision* of the agency." *Id.* § 7702(a)(2) (emphasis added). When the employee's agency declines to exercise jurisdiction over the WPA claim, there is no decision on the merits of the WPA claim for the court to review.

Finally, the Tenth Circuit's decision is at odds with our decision in *Sloan v. West*, 140 F.3d 1255 (9th Cir. 1998). *Sloan* did not address a WPA claim, but it did prescribe the proper procedure to be followed when an employee asserts both a mixed case discrimination claim (i.e., a discrimination claim challenging a serious personnel action) and a non-discrimination claim subject to the MSPB's original

jurisdiction. We held that, "[i]f a complainant wishes to preserve both claims, he or she must not pursue an appeal of the EEO decision with the EEOC [or the district court]. Rather, he or she must file the appeal with the MSPB, or be deemed to have waived the non-discrimination claim." *Id.* at 1260. "Once the MSPB issues a decision, . . . the employee may . . . appeal the entire case (including all claims) to the appropriate United States District Court." *Id.* (citing 29 C.F.R. § 1614.310(b)). Thus, *Sloan* suggests the MSPB furnishes the exclusive path for obtaining judicial review of a WPA claim.

In light of these authorities, we are not persuaded by Kerr's argument that the statutory scheme in general, or § 7702(a)(2) in particular, granted the district court jurisdiction over her WPA claim.

## B.  Because the MSPB Provides the Exclusive Avenue for Obtaining Judicial Review of a WPA Claim, the District Court Lacked Jurisdiction Over Kerr's WPA Claim

Even without an affirmative grant of jurisdiction by the CSRA or the WPA, district courts have general federal question jurisdiction under 28 U.S.C. § 1331. *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2132 (2012). This grant of jurisdiction, however, is not absolute. As the Supreme Court explained in *Elgin*, a statutory scheme precludes district court jurisdiction when "it is 'fairly discernible' from the [statute] that Congress intended covered employees appealing covered agency actions to proceed exclusively through the statutory review scheme." *Id.* at 2132–33 (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207

(1994)). In applying this standard, "we examine the [statute's] text, structure, and purpose." *Id.* at 2133.

In *Elgin*, the Court concluded it was fairly discernible from the CSRA's text, structure and purpose that Congress precluded district court jurisdiction over claims not proceeding through the MSPB. "Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court." *Id.* at 2134. Thus, "extrastatutory review is not available to those employees to whom the CSRA grants administrative and judicial review." *Id.* at 2133 (emphasis omitted).

Similarly, we have long held that the remedies set forth in the CSRA are exclusive. In *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir. 1984), we held "the federal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere," agreeing with other circuits that "the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all." In *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991), we likewise explained that "Congress's purpose in enacting the CSRA was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review."

That Kerr's whistleblowing claim arises under a provision – 5 U.S.C. § 2302(b)(8) – associated with the WPA does not alter this conclusion. The CSRA and the WPA are integrated

into a single statutory scheme. "The Whistleblower Protection Act of 1989 increases protections for whistleblowers, but it does so within the context of the CSRA." *Rivera*, 924 F.2d at 954; *see also Richards v. Kiernan*, 461 F.3d 880, 885–86 (7th Cir. 2006) (citing cases) ("[T]he CSRA provides the exclusive remedy for claims brought pursuant to the WPA."); *Ugarte v. Johnson*, 40 F. Supp. 2d 178, 181 (S.D.N.Y. 1999) (Rakoff, J.) ("That plaintiff claims here to have been a whistleblower does not create any greater right for her in a district court than under the general CSRA scheme because enactment of the WPA left the role of the federal courts unchanged in the review of employment decisions affecting federal employees. . . . The WPA . . . expanded the MSPB's jurisdiction to enable it to hear claims of retaliation for whistleblowing which had been previously outside its jurisdiction, but conferred no jurisdiction in th[e district] court." (citations omitted)).

In light of these authorities, the statutory scheme under the CSRA and the WPA provided the exclusive means for Kerr to obtain judicial review of her WPA claim. That scheme "allocate[s] initial review to an administrative body" – the MSPB – rather than the district court. *See Thunder Basin*, 510 U.S. at 207. Because Congress intended the MSPB to have exclusive original jurisdiction over her WPA claim, the district court properly dismissed the claim for lack of jurisdiction.[7]

---

[7] Kerr correctly points out that "[m]ost exhaustion requirements established by Congress do not result in a loss of subject matter jurisdiction." *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1040 (9th Cir. 2011). *Elgin*, however, addresses a different question – whether a statutory scheme precludes district court jurisdiction because it is fairly discernible that Congress intended the statute's review scheme to provide the exclusive avenue to judicial review.

## C. The District Court Did Not Abuse Its Discretion By Declining to Remand to the MSPB

Kerr argues in the alternative that the district court should have remanded her WPA claim to the MSPB rather than dismissing it without prejudice. The district court, however, acted reasonably by declining to remand a matter to an agency that had not issued a decision. *See McQuillion*, 342 F.3d at 1014.

## D. Further Proceedings

If Kerr wishes to pursue her WPA claim, her proper course is to file an appeal before the MSPB. At oral argument, the government acknowledged the deadlines for presenting claims to the MSPB are subject to equitable tolling. Tolling may be warranted here in light of Kerr's reasonable reliance on the Tenth Circuit's opinion in *Wells*. *Cf. Harris v. Carter*, 515 F.3d 1051, 1055–56 (9th Cir. 2008) (applying equitable tolling when a habeas petitioner relied in good faith on Ninth Circuit precedent later overruled by the Supreme Court); *York v. Galetka*, 314 F.3d 522, 528 (10th Cir. 2003) (applying equitable tolling when Tenth Circuit law was unsettled and the relevant statute was ambiguous). The question of tolling should be addressed in the first instance by the MSPB.

## CONCLUSION

The district court properly dismissed Kerr's WPA claim for lack of jurisdiction. The judgment of the district court, therefore, is affirmed.

**AFFIRMED.**