NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVERIO G. PEREZ, | No. 17-15278 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-03012-WHA |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Silverio G. Perez appeals pro se from the district court's orders denying his motions for reconsideration of an order granting summary judgment and affirming the Commissioner of Social Security's calculation of the amount of his retirement insurance benefits under Title II of the Social Security Act. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction only to review the district court's orders denying Perez's three post-judgment motions. Perez did not file a notice of appeal within 60 days of the district court's judgment. *See* 28 U.S.C. § 2107(b) (setting forth 60-day time limit); Fed. R. App. P. 4(a)(1)(B). His first, untimely motion for reconsideration, filed more than 28 days after entry of judgment, did not toll the time for appeal from the judgment. *See* Fed. R. App. P. 4(a)(4)(A)(iv) & (vi). The notice of appeal also was not filed within 60 days of the district court's order denying the first motion for reconsideration, but the second motion for reconsideration tolled the time within which to file a notice of appeal from that first post-judgment order. *See* Fed. R. App. P. 4(a)(1)(B); *Swimmer v. Internal Revenue Serv.*, 811 F.2d 1343, 1344 (9th Cir. 1987) (holding that second motion for reconsideration tolled time to appeal from denial of first post-judgment motion). The notice of appeal was timely filed within 60 days of the district court's orders denying Perez's second and third post-judgment motions. *See* Fed. R. App. P. 4(a)(1)(B).

The district court did not abuse its discretion in denying post-judgment relief because Perez's retirement benefit amount was properly offset by his foreign pension. *See Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016) (setting forth standard of review), *cert. denied*, 137 S. Ct. 1365 (2017); *United States v. Kim*, 806 F.3d 1161, 1177 (9th Cir. 2015). The administrative law judge correctly applied

2                                                                    17-15278

the Social Security Act's Windfall Elimination Provision, 42 U.S.C. § 415(a)(7), which reduces a Social Security retirement benefit when a claimant is simultaneously receiving another similar benefit, and Perez was not denied a meaningful opportunity to be heard. *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (holding that due process entitles a Social Security claimant to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination); *Das v. Dep't of Health & Human Servs.*, 17 F.3d 1250, 1255-56 (9th Cir. 1994) (holding that Windfall Elimination Provision comports with due process).

**AFFIRMED.**