**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FEB 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| In re: ARROWHEAD RESEARCH CORPORATION SECURITIES LITIGATION, | No. 16-56499 |
| | D.C. No. 2:14-cv-07890-CBM-AS |
| ------------------------------ | |
| NOELLE M. STROGOFF, Lead Plaintiff, individually and on behalf of all other persons similarly situated and on behalf of Strogoff Family Trust U/D/T; CHRISTIAN STOUT; JULIA STOUT, | MEMORANDUM<sup>*</sup> |
| Plaintiffs-Appellants, | |
| v. | |
| ARROWHEAD RESEARCH CORPORATION; CHRISTOPHER R. ANZALONE; BRUCE D. GIVEN; KENNETH A. MYSZKOWSKI; CHARLES P. MCKENNEY; DAVID L. LEWIS, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 13, 2018[**]
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and JACK,[***] District Judge.

Plaintiffs appeal the district court's dismissal of their securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5, against Arrowhead Pharmaceuticals, Inc. and other named defendants (collectively "Arrowhead"). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* dismissals for failure to state a claim, *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)), and the denial of a motion for reconsideration for abuse of discretion, *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016) (citing *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003)).

In 2014, Arrowhead was in the process of developing a cure for hepatitis B, which involved multiple rounds of animal and human testing. Plaintiffs allege that Arrowhead's management made misleading statements in an August 12, 2014, financial results conference call that caused stock prices to rise and then fall. The

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

district court dismissed the Section 10(b) and Rule 10b–5 claims on the grounds that the complaint failed to sufficiently allege a false or misleading statement or omission and scienter. It also denied Plaintiffs' motion for reconsideration. We affirm.

1. To state a claim for securities fraud, Plaintiffs must plead with particularity that Arrowhead's statements (a) were "untrue" or (b) included a material omission that made the statements affirmatively misleading. *Rigel*, 697 F.3d at 876. Here, Arrowhead's statements regarding the preliminary results of its human testing were cabined by cautionary language, included accurate comparisons to past studies, were qualified, and often were made as forward-looking statements about future knockdown goals. *See Rigel*, 697 F.3d at 880; *see also In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) ("Forward-looking statements . . . are further insulated from liability."). Accordingly, we affirm the district court's dismissal because Plaintiffs failed to adequately plead any untrue or misleading statements and because Arrowhead's forward-looking statements are otherwise protected.

2. To adequately plead scienter, a securities fraud "complaint must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Rigel*, 697 F.3d at 882 (quoting 15 U.S.C. § 78u-4(b)(2)). "A complaint will survive a motion to dismiss 'only if a reasonable

3

person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" *Id.* at 883 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)). Here, Arrowhead made factually true statements and Plaintiffs allege no additional facts, such as a stock selloff or resignation, supporting an inference of scienter. Therefore, Plaintiffs failed to articulate an inference of scienter that is "at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 324.

3. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Plaintiffs allege that the district court "failed to consider material facts" because they believe that Arrowhead's statements "were inconsistent, ambiguous and confusing." We hold that the district court did not abuse its discretion because Arrowhead's statements, which the district court adequately considered, were consistent and not misleading.

Costs are awarded to Appellees.

**AFFIRMED.**

4