NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BROOKE NOBLE,<br><br>    Plaintiff, Appellee and<br>    Cross-Appellant,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant, Appellant and<br>    Cross-Appellee | Nos.   16-16362<br>             17-17294<br><br>D.C. No.1:14-cv-01963-DAD-EPG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 15,2019**
San Francisco, California

Before:  MCKEOWN and GOULD, Circuit Judges, and LASNIK,*** District

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Judge.

Brooke Noble and her mother, Marsha Kilgore, resided at a condominium owned by Kilgore in Fresno, California. The property was subject to a mortgage ultimately held by Wells Fargo. Kilgore suffered from various health issues. She fell behind on the mortgage payments. Wells Fargo foreclosed, took title to the property, and eventually evicted Kilgore and Noble. During the eviction, a Wells Fargo agent allowed Noble and Kilgore additional time in the property to pack their belongings. The agent returned and directed Kilgore and Noble to vacate the premises and remove their belongings. Subsequently, Kilgore's health further deteriorated, and she passed away about five months later.

Wells Fargo had a policy of offering financial assistance to occupants of foreclosed properties in exchange for their voluntary surrender of the property. But Wells Fargo did not offer any financial assistance to Noble or Kilgore prior to their eviction.

Noble sued Wells Fargo for the wrongful death of Kilgore, negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED). Wells Fargo filed an Anti-SLAPP motion. The district court denied the motion, and Wells Fargo appealed. The district court subsequently granted Wells Fargo's motion for summary judgment and dismissed all claims. Noble moved for reconsideration, asserting that her incarceration prevented her

2

from filing an opposing declaration. The district court denied her motion, and Noble appealed both the summary judgment and reconsideration decisions.

The district court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment ruling de novo, *Ctr. for Biological Diversity v. Exp.-Imp. Bank of the U.S.*, 894 F.3d 1005, 1010–11 (9th Cir. 2018), and denial of reconsideration for abuse of discretion, *Kerr v. Jewell*, 836 F.3d 1048, 1058 (9th Cir. 2016). We review denial of a motion to strike under California's Anti-SLAPP statute de novo. *Mindys Cosmetics v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010).

California's wrongful death statute allows the child of a decedent to assert "[a] cause of action for the death of a person caused by the wrongful act or neglect of another." Cal. Civ. Pro. § 377.60(a). Noble asserts two wrongful or negligent acts: the failure of Wells Fargo to offer financial assistance to Kilgore, and the agent's conduct in removing Kilgore from the home.[1]

"The term 'wrongful act as used in section 377 means any kind of tortious act,' including not only acts of negligence, but also acts of intentional or willful misconduct." *Estate of Prasad ex rel. Prasad v. Cty. of Sutter*, 958 F. Supp. 2d

---

[1] Noble argues at length that both the foreclosure and eviction themselves were wrongful acts, but the district court did not rule on these issues below. Usually, "a federal appellate court does not consider an issue not passed upon below." *Mano-Y & M, Ltd., v. Field (In re Mortgage Store, Inc.)*, 773 F.3d. 990, 998 (9th Cir. 2014) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).

1101, 1124 (E.D. Cal. 2013) (quoting *Barrett v. Superior Court*, 222 Cal. App. 3d 1176, 1191 (1990)). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).

Wells Fargo had no obligation to offer financial assistance to Kilgore and conferred a benefit upon her by allowing her extra time to pack her belongings. Noble has not presented any evidence that the agent touched Kilgore or her belongings, and the parties agree that the agent simply told Kilgore that it was time to leave. Noble does not explain how this conduct rises to a wrongful or negligent act. The district court therefore did not err in granting Wells Fargo summary judgment on the wrongful death and NIED claims.

California law recognizes a claim for IIED if the plaintiff can establish "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035 (2009)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated

4

in a civilized community.'" *Hughes*, 46 Cal. 4th at 1051 (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993)). We conclude that Wells Fargo's conduct did not rise to this standard, and the district court did not err in granting summary judgment to Wells Fargo.

The district court also did not err in denying Noble's motion for reconsideration because it properly granted summary judgment.

Finally, in its reply brief, Wells Fargo concedes that its appeal is moot if we affirm the district court's decision on summary judgment. We agree and do not reach the reach the issue raised by Wells Fargo's appeal of the denial of its Anti-SLAPP motion.

**AFFIRMED.**