NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN RIOS QUINONES, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED; UNITEDHEALTHCARE, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; DOES, John, 1-99; DOES, Jane, 1-999; DOE, Entities, 1-20; DOE, Governmental Units, 1-10, <br><br> Defendants-Appellees. | No. 17-16518 <br><br> D.C. No. 1:14-cv-00497-LEK-RLP <br><br> MEMORANDUM and ORDER* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 24, 2019**
Honolulu, Hawaii

Before: GRABER, M. SMITH, and WATFORD, Circuit Judges.

Plaintiff-Appellant Juan Quinones appeals from the summary judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel

entered in favor of Defendants-Appellees UnitedHealth Group Inc. (UHC).  On appeal, Quinones argues that UHC violated federal Medicaid laws and regulations and committed various state-law torts in handling his requests for a new personal mobility device.

Supplemental briefing was requested from the parties to determine whether we still retained subject matter jurisdiction over the state law claims in this case.  *See* 28 U.S.C. § 1367(c).  After reviewing the parties' briefs, we hold that we do.  The benefits to "judicial economy, convenience, [and] fairness" to the parties strongly support the retention of supplemental jurisdiction here.  *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  We GRANT Quinones's September 25, 2019 motion (Dkt. No. 58) to take judicial notice.  FED. R. EVID. 201.

"We review de novo the district court's ruling on cross-motions for summary judgment."  *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  Considering the facts that are undisputed by the parties—and even considering the waived arguments first raised by Quinones on appeal—we agree with the district court that UHC's Medicaid program did not deny Quinones coverage, respond to requests in an untimely manner, or otherwise violate any applicable statutes, regulations, or duties of care.  As a result, in its

April 18, 2017 amended order, the district court correctly granted UHC's summary judgment motions and denied Quinones's motion for summary judgment as moot. The court also did not abuse its discretion in denying Quinones's subsequent motion for reconsideration. *See Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016). *Adams v. Hawaii Medical Service Ass'n*, No. SCWC-15-0000396, 2019 WL 4745128 (Haw. Sept. 30, 2019), cited by Quinones in his October 7, 2019 letter, is factually distinguishable from this case, where the undisputed facts reflect that UHC did not deny Quinones coverage or otherwise mishandle his claims.

**AFFIRMED.**