**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY MARK DEVAUGHN, | No. 19-55283 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-01461-AB-FFM |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| HILDA WEINTRAUB; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Anthony Mark DeVaughn appeals the district court's grant of summary judgment in his § 1983 action, as well as the denial of his motions for reconsideration, for leave to amend, and to compel discovery. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

DeVaughn did not timely object to the magistrate judge's recommendation to grant summary judgment, but raises the issue in his opening brief, and therefore does not waive his argument. *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citing *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007)). We review de novo the district court's grant of summary judgment, *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2019).

The district court properly granted summary judgment on DeVaughn's claims, most of which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck*'s analysis turns on "whether the plaintiff's action, if successful, will 'demonstrate the invalidity of any outstanding criminal judgment,'" *Beets v. County of Los Angeles*, 669 F.3d 1038, 1043 (9th Cir. 2012) (quoting *Heck*, 512 U.S. at 486-87), and thus requires a plaintiff to prove his relevant convictions or sentences have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. None of these descriptions apply, and the district court

properly granted summary judgment on DeVaughn's claims stemming from his conviction in Riverside County.[1] *Heck* similarly forecloses DeVaughn's false arrest claim, as an arrest is permissible so long as there is probable cause "as to any offense that could be charged under the circumstances." *Blankenhorn v. City of Orange*, 485 F.3d 463, 473 (9th Cir. 2007) (citation omitted). The same reasoning applies to DeVaughn's claims for loss of jurisdiction, due process, unlawful search, and equal protection, as he did not allege any unlawful conduct relating solely to the charges for which he was not convicted.

The district court also properly granted summary judgment on DeVaughn's claim for malicious prosecution, which required DeVaughn to establish that the relevant proceeding terminated in his favor. *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). Under California law, we analyze the "judgment as a whole." *Staffpro, Inc. v. Elite Show Servs., Inc.*, 136 Cal. App. 4th 1392, 1403 (2006) (citation omitted). Because DeVaughn's prosecutions in Los Angeles and Riverside Counties both resulted in convictions, he cannot establish the requisite

---

[1] A jury convicted DeVaughn on 4 counts in Riverside County (one count was affirmed on appeal). He pled *nolo contendere* on Count 24 of his charges in Los Angeles County, although the court subsequently dismissed Count 24 pursuant to California Penal Code § 1203.4, and dismissed all other Los Angeles charges against him. DeVaughn's First Amended Complaint, however, alleges that the Riverside and Los Angeles County officials conspired together in a "dual prosecution scheme," making largely undifferentiated allegations against defendants from both counties, who were investigating and prosecuting DeVaughn's activities.

favorable termination. The district court also appropriately granted summary judgment on DeVaughn's state law claims because he never presented a claim to either Los Angeles or Riverside Counties, as required by the California Tort Claims Act. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (citation omitted) ("As a condition precedent to suit against a public entity, the California Tort Claims Act (CTCA) requires 'the timely presentation of a written claim and the rejection of the claim in whole or in part.'").

DeVaughn also appeals the district court's ruling on his motion for reconsideration pursuant to Fed. R. Civ. P. 59 and 60, which we review for abuse of discretion. *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016), *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). As the motion was filed more than 28 days after the entry of judgment, the district court did not abuse its discretion in declining to consider it. Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

We review for abuse of discretion the district court's denial of DeVaughn's motion for leave to amend the complaint. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). The district court did not abuse its discretion in denying DeVaughn's leave to amend after finding his proposed amended complaint was "devoid of a clear connection between any particular event or incident and specific legal claims against any particular defendant as the

4

Federal Rules require" and failed "to clarify the factual allegations, claims, and legal theories already asserted in his extant Complaint." A court is "well within its discretion to deny leave to amend" when the pleadings are "highly repetitious, or confused." *Gen. Dynamics C4 Sys.*, 637 F.3d at 1059 (quotation marks and citation omitted).

We review for abuse of discretion the district court's denial of DeVaughn's motions to compel discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The district court did not abuse its discretion in denying DeVaughn's motion in part when his requests were vague, overbroad, irrelevant, or sought information rather than documents, Fed. R. Civ. P. 26(b)(1), or in denying a motion filed months after the discovery cutoff.

**AFFIRMED.**[2]

---

[2] Appellees' Motion to Strike Portion of Attachment to Appellant's Reply Brief (Dkt. 41), and Appellant's Motion to File Supplemental Reply Brief (Dkt. 44) are denied.