**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN B. KENNEY,

Plaintiff-Appellant,

v.

CITY OF SAN DIEGO; et al.,

Defendants-Appellees.

No.  18-55916

D.C. No.
3:13-cv-00248-WQH-AGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 23, 2020[*]

Before: GOODWIN, SCHROEDER, and SILVERMAN, Circuit Judges.

John B. Kenney appeals the district court's judgment, following a jury trial, in Kenney's action under 42 U.S.C. § 1983 alleging constitutional and state-law claims stemming from his participation in the Occupy San Diego protests in 2011 and 2012. We have jurisdiction under 28 U.S.C. § 1291. We must uphold a jury

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

verdict if it is supported by substantial evidence. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). We affirm.

Substantial evidence supports the jury's verdicts for Officer Koerber and Sergeant Lawrence. *See id.* (substantial evidence is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Kenney's post-trial motions because Kenney failed to identify the specific grounds for his motions or to show that he was entitled to relief from judgment, to alter or amend the judgment, or that a new trial was warranted. *See* Fed. R. Civ. P. 59(a), 59(e), 60(b); *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016) (standard of review for Rule 59(e) motion to alter or amend the judgment); *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam) (standard of review for Rule 59(a) motion for a new trial); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) (standard of review for Rule 60(b) motion for relief from judgment).

Kenney's contentions of judicial bias are unsupported by the record. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We decline to address matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir.

2009) (per curiam).

Kenney's motion filed on November 30, 2018, Dkt. No. 8, is DENIED to the extent that it seeks relief not already granted by the order filed on January 3, 2019, Dkt. No. 9. Kenney's motions filed on August 16, 2019, Dkt. Nos. 27 and 28; September 11, 2019, Dkt. No. 35; and September 15, 2019, Dkt. Nos. 37, 38, and 39, are DENIED. Kenney's requests for sanctions contained in the motions filed on October 4, 2019, Dkt. No. 44, and October 7, 2019, Dkt. No. 46, are DENIED.

**AFFIRMED.**