NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDIE THOMAS, | No. 21-56014 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01601-AJB-DEB |
| v. | |
| CARLOS DEL TORO, Secretary of the Navy; NAVAL MEDICAL CENTER SAN DIEGO; LEAGAIOALII C. MAPU; LUCAS R. BERGER; CARMEN L. MUTUC; MARGARITA D. YOUNG; MICHAEL MASON; CHRISTINE BARRY; MARIO VILLALBA; CHAD L. COOK; EDRION GAWARAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted April 17, 2023[**]

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Rudie Thomas appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for lack of subject matter jurisdiction his Whistleblower Protection Act ("WPA") action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doğan v. Barak*, 932 F.3d 888, 892 (9th Cir. 2019). We affirm.

The district court properly dismissed Thomas's action for lack of subject matter jurisdiction because Thomas failed to establish that he exhausted administrative remedies as required by the WPA. *See* 5 U.S.C. §§ 1214, 1221(a); 5 C.F.R. § 1209.2; *Kerr v. Jewell*, 836 F.3d 1048, 1053, 1057 (9th Cir. 2016) (explaining that WPA claims must be presented initially to either the Office of Special Counsel ("OSC") or the Merit Systems Protection Board ("MSPB"); if an employee files initially with the OSC, an adverse decision must first be appealed to the MSPB).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**