# United States Court of Appeals for the Federal Circuit

---

**LESLIE A. KERR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-2538

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-17-0362-I-1.

---

Decided: November 15, 2018

---

STEPHANI AYERS, Law Office of S.L. Ayers, Medford, OR, argued for petitioner. Also represented by THAD MCINTOSH GUYER, T.M. Guyer & Friends, PC, Medford, OR.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by TRISTAN LEAVITT, KATHERINE MICHELLE SMITH.

---

Before PROST, *Chief Judge,* DYK and MOORE, *Circuit Judges.*

DYK, *Circuit Judge.*

Leslie A. Kerr petitions for review of the Merit Systems Protection Board's ("MSPB's" or "Board's") dismissal of her claim under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 1201 et seq., as untimely filed without good cause for the delay. Because the MSPB abused its discretion in rejecting Kerr's claim of good cause, we reverse and remand.

## BACKGROUND

This case was originally a "mixed case," i.e., it involved a personnel action appealable to the MSPB and a claim of prohibited discrimination. *See* 29 C.F.R. § 1614.302(a); 5 C.F.R. § 1201.151. In such cases, "the intersection of federal civil rights statutes and civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace." *Kloeckner v. Solis*, 568 U.S. 41, 49 (2012). As with some other mixed cases, Kerr's case has traversed a byzantine labyrinth of administrative and judicial channels of review. The procedural history has been reviewed elsewhere. *Kerr v. Jewell*, 549 F. App'x 635, 636–38 (9th Cir. 2013) ("Kerr I"); *Kerr v. Jewell*, 836 F.3d 1048, 1050–53 (9th Cir. 2016) ("Kerr II"). This opinion focuses only on those events relevant to Kerr's petition for review now before the court.

Kerr was employed by the U.S. Department of the Interior Fish and Wildlife Service ("agency") from February 1980 to her involuntary retirement in June 2006. Both parties treat Kerr's involuntary retirement as effectively a removal: we will too. Before her removal, Kerr was subjected to a series of adverse personnel actions. Kerr filed a formal complaint with the agency's Equal Employment Opportunity ("EEO") office in May 2006, challenging the adverse personnel actions and alleging claims of sex and religious discrimination and retaliation.

When Kerr was removed she did not initially seek review of her removal claim before the EEO office but instead, in June 2006, challenged her removal and the earlier adverse personnel actions by filing an appeal with the MSPB. In her MSPB appeal, Kerr alleged that the adverse personnel actions were based on sex and religious discrimination, prohibited by Title VII of the Civil Rights Act of 1964, and constituted retaliation for engaging in whistleblower activities protected under the WPA. The MSPB informed Kerr that it lacked jurisdiction over the less serious personnel decisions (i.e., warning letter, negative performance evaluation, and 60-day detail), and, because of the agency's inadequate notification of Kerr's appeal rights for her mixed case, gave Kerr the opportunity to present her removal-related claims to the agency's EEO office or have the MSPB decide them in the first instance. Kerr elected to have her claims reviewed by the EEO office first. Thus, the MSPB dismissed Kerr's appeal without prejudice in November 2006, and the EEO office accepted Kerr's removal-related claim for investigation along with her already pending claims.

In September 2008, the agency's EEO office issued a final decision rejecting Kerr's discrimination claims and concluding that the WPA claim was not within the EEO office's jurisdiction. The final decision also informed Kerr that, because she had a "mixed case," she could not appeal the constructive discharge claim to the Equal Employment Opportunity Commission ("EEOC"), but instead could either appeal the decision to the MSPB or file a civil action in district court (pursuant to 5 U.S.C. § 7702(a) and 29 C.F.R. § 1614.310(a)).

Kerr decided to pursue review of her mixed case in district court by filing suit in the District of Alaska in October 2008. The parties litigated the discrimination and WPA claims on the merits, and, in 2011, the district court granted summary judgment in favor of the government on

both claims. In 2013, the Ninth Circuit reversed and remanded for further consideration of both claims on the merits. *Kerr I*, 549 F. App'x at 641.

On remand to the district court, the government argued for the first time that the district court lacked jurisdiction over Kerr's WPA claim because she failed to exhaust her administrative remedies by failing to seek review of her WPA claim at the MSPB. The district court agreed and dismissed the WPA claim in July 2014 but held a jury trial for the discrimination claim. The jury returned with a verdict on the discrimination claim in favor of the government. The district court entered final judgment. Kerr appealed only the dismissal of her WPA claim. The Ninth Circuit affirmed on September 6, 2016. *Kerr II*, 836 F.3d at 1059. The Ninth Circuit reasoned that the district court had no jurisdiction over the WPA claim because Congress created a "comprehensive system of administrative review" for WPA claims. *Id.* at 1057. This scheme would be undermined if an employee could present "an *entirely unreviewed* WPA claim to the district court" in the first instance. *Id.* at 1056–57 (citing 5 U.S.C. §§ 1211–15) (emphasis in original). Because Kerr's WPA claim had not been adjudicated by the EEO or the MSPB, the court held that district court review was unavailable. The Ninth Circuit noted "Kerr's reasonable reliance" on contrary authority from the Tenth Circuit, *see id.* at 1059, which had held that a district court had jurisdiction over an unreviewed WPA claim as part of a mixed case, *see Wells v. Shalala*, 228 F.3d 1137, 1142–43 (10th Cir. 2000).

Kerr filed a petition for a writ of certiorari with the Supreme Court on December 5, 2016, which was denied on March 20, 2017. Approximately three weeks later, on April 11, 2017, Kerr filed a request with the MSPB to reopen her earlier appeal to the Board that had been dismissed without prejudice. The Board rejected Kerr's request, concluding that there was neither good cause nor

equitable tolling for the untimely filing of Kerr's appeal with the MSPB from the EEO office's final decision in September 2008.

Kerr timely petitioned for review of the MSPB's dismissal to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).[1]

DISCUSSION

I. Good Cause for Delay

"If a party does not submit an appeal [to the MSPB] within the time set by statute, regulation, or order of a [Board] judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c); *see id.* § 1201.12. The appellant bears the burden of establishing "good cause" for the delay. *Id.* § 1201.56(b)(2)(i). We review the Board's good cause determination for abuse of discretion. *See Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013 (Fed. Cir. 2015) (citing *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc)).

MSPB regulations do not delimit what constitutes good cause for delay, but "[d]elay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence." *Mendoza*, 966 F.2d at 653 (citation omitted). To evaluate whether a petitioner has demonstrated good cause, a variety of nonexclusive criteria have been considered, including:

---

[1]  We do not have jurisdiction to review "mixed cases," *see Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1988 (2017), but because Kerr's discrimination claims have been finally adjudicated, *Kerr II*, 836 F.3d at 1052–53, and all that remains is her WPA claim, Kerr's petition for review does not present a "mixed case" for us to review.

the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Herring*, 778 F.3d at 1013–14 (quoting *Alonzo v. Dep't of the Air Force*, 4 MSPB 262, 264, 4 M.S.P.R. 180, 184 (1980)).

In this case, it is undisputed that Kerr's request to reopen her earlier MSPB appeal was not timely filed after the EEO office's final decision in September 2008. So the question for the Board was whether Kerr established good cause for the delay. To answer this question, the Board considered three factors: the length of delay, the reasonableness of Kerr's excuse for the delay, and the presence of attorney representation.[2] The Board found that the delay between the EEO office's final decision (September 2008) and Kerr's petition for reopening her earlier MSPB appeal (April 2017) was substantial (8.5 years) and that Kerr had been represented by counsel the entire time. The crux of the Board's no good cause determination was that Kerr did not have a reasonable excuse for pursuing her unreviewed WPA claim in district court in the Ninth Circuit.

---

[2] The Board identified a fourth factor—whether there was evidence of circumstances beyond Kerr's control that led to the delay, but the Board did not consider any evidence on that point. Neither party argues that this factor applies to this case.

We disagree. Kerr did have a reasonable basis for thinking that the district court was an appropriate forum for resolving all of her mixed case claims, including her WPA claim.

Under 5 U.S.C. § 7702(a)(2), "[i]n any matter before an agency which involves" a personnel action that is appealable to the MSPB and that is alleged to have been based, in whole or in part, on "any issue of discrimination prohibited [under the provisions described in subsection (a)(1)(B)]," "[t]he decision of the agency in any such matter shall be a judicially reviewable action." As the Supreme Court has noted, after an adverse decision by the agency "the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court." *Kloeckner*, 568 U.S. at 45 (citing 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(i)); *see Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1980 (2017) (citing 5 U.S.C. § 7702(a)(2)); 29 C.F.R. § 1614.310(a). It would appear from the face of the statute that the combination of the agency's adverse action and ruling by its EEO office constitutes "the decision of the agency" in such circumstances even if the agency did not address all grounds for challenging the adverse personnel action. *See Rodriguez v. United States*, 852 F.3d 67, 84–85 (1st Cir. 2017).

The Tenth Circuit previously adopted this position in *Wells* where it held that a WPA claim in a mixed case could be reviewed by a district court without first requiring the claim be reviewed by the MSPB. 228 F.3d at 1142–43. The Tenth Circuit determined that this interpretation of the statutory and regulatory language ensured related claims were resolved in the same forum, which was consistent with Congressional intent and concerns of judicial economy. *See id.* at 1143; *see also Perry*, 137 S. Ct. at 1980, 1987 (explaining that "review rights should be read not to protract proceedings, increase

costs and stymie employees, but to secure expeditious resolution of the claims employees present" and noting the "expense, delay, and inconvenience of requiring employees to sever inextricably related claims, resorting to two discrete appellate forums, in order to safeguard their rights"). Based on the Tenth Circuit's reasoning, Kerr had a reasonable basis to believe that the district court was a proper forum to review her mixed case, including the WPA claim.

The Board determined that Kerr's excuse for filing in district court in the Ninth Circuit, rather than appealing the EEO office's final decision to the MSPB, was not reasonable based on the Ninth Circuit's earlier decision in *Sloan v. West*, 140 F.3d 1255 (9th Cir. 1998). The Board interpreted *Sloan* as precluding district court review of an unreviewed WPA claim in a mixed case, J.A. 7 n.6; however, *Sloan* (unlike this case) neither involved a WPA claim nor did it involve an employee who had pursued district court review of a final agency decision in a mixed case before MSPB review.[3] Although the Ninth Circuit in

---

[3] In *Sloan*, after the employee was fired from his position in the Department of Defense U.S. Army Corps of Engineers ("Army"), he filed a complaint with the Army's EEO office alleging racial discrimination. 140 F.3d at 1257–58. The EEO investigator recommended a finding of no discrimination, and the employee requested a hearing at the EEOC. *Id.* at 1257 n.3 (citing 32 C.F.R. §§ 588.24, 588.25 (1997)). Before the EEOC issued a decision, the employee withdrew his request for an EEOC hearing, and instead opted to appeal the EEO decision to the MSPB so as to pursue his discrimination claim along with a claim of civil service procedural violations as a "mixed case." *Id.* at 1257–58. Based on this record, the Ninth Circuit noted that "[i]f a complainant wishes to preserve both [his discrimination and non-discrimination] claims, he or she

Kerr's case eventually read *Sloan* as having decided the question, *see Kerr II*, 836 F.3d at 1057, it was reasonable for Kerr to interpret *Sloan* as not deciding the issue on district court jurisdiction over Kerr's unreviewed WPA claim. Perhaps for these reasons the Ninth Circuit recognized that Kerr had been reasonable in seeking review of her mixed case in district court rather than with the MSPB, despite ultimately holding that the district court lacked jurisdiction over the unreviewed WPA claim. *Id.* at 1059. The Ninth Circuit stated:

> If Kerr wishes to pursue her WPA claim, her proper course is to file an appeal before the MSPB. At oral argument, the government acknowledged the deadlines for presenting claims to the MSPB are subject to equitable tolling. Tolling may be warranted here in light of Kerr's reasonable reliance on the Tenth Circuit's opinion in *Wells*. The question of tolling should be addressed in the first instance by the MSPB.

*Id.* at 1059 (internal citations omitted). Under the circumstances, we conclude that Kerr's district court filing was entirely reasonable.

The appropriateness of finding good cause based on a reasonable filing in the wrong forum is demonstrated by cases arising under the doctrine of equitable tolling. Under equitable tolling—a doctrine the parties agree is narrower than good cause—filing a case in the wrong forum can be excused when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans*

---

must not pursue an appeal of the EEO decision with the EEOC. Rather, he or she must file the appeal with the MSPB, or be deemed to have waived the non-discrimination claim." *Id.* at 1260 & n.12.

*Affairs*, 498 U.S. 89, 96 (1990); *see e.g.*, *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 429 (1965) (noting the "[p]etitioner here did not sleep on his rights but brought an action within the statutory period," only being delayed because "he felt that his state action was sufficient," and that there was adequate service of process to inform the defendant of the cause of action); *Herb v. Pitcairn*, 325 U.S. 77, 78–79 (1945); *cf.* 5 U.S.C. § 7702(f) (excusing timely filed case materials when filed with the wrong agency).

The reasonableness of Kerr's delay is further supported by her lack of notice regarding the jurisdictional defect of her WPA claim. In some limited circumstances, we have upheld the MSPB's rejection of good cause when an employee was adequately warned about the impropriety of pursuing a particular review route. For example, in *Massingale v. Merit Systems Protection Board*, 736 F.2d 1521 (Fed. Cir. 1984), we upheld the MSPB's determination of no good cause because the petitioner had been warned that his removal was not arbitrable, yet he nonetheless pursued arbitration, which caused his delayed filing with the MSPB. *Id.* at 1523; *see also Bacashihua v. Merit Sys. Prot. Bd.*, 811 F.2d 1498, 1502 (Fed. Cir. 1987); *Duncan v. Merit Sys. Prot. Bd.*, 795 F.2d 1000, 1002 (Fed. Cir. 1986).

Here, the government did not warn Kerr she would waive her non-discriminatory claim by failing to file at the MSPB. In fact, the government litigated the WPA claim on the merits for more than five years in the district court and at the Ninth Circuit before even presenting the issue. Additionally, the EEO office's final decision expressly informed Kerr that she could pursue review of her mixed case in an appropriate district court instead of with the MSPB. J.A. 73 ("In lieu of an appeal to the Board, the Appellant may file a civil action in an appropriate United States District Court . . . .").

The government argues, and the Board appears to have agreed, that even if Kerr acted reasonably in filing in district court before obtaining MSPB review, Kerr was on notice that she was pursuing the wrong approach once the district court dismissed the claim in July 2014. Thus, according to the government, Kerr's subsequent appeal to the Ninth Circuit and petition for writ of certiorari to the Supreme Court cannot be excused. The government is wrong. A district court decision is not the final word on a legal issue. In light of the Tenth Circuit's directly on-point precedent in *Wells*, it was entirely reasonable to seek Ninth Circuit review. *See Burnett*, 380 U.S. at 435 (tolling the statute of limitations during the time when an appeal from the improperly filed case could be taken or until there was a final judgment on appeal). And once the Ninth Circuit rejected Kerr's arguments, it was reasonable for her to petition for a writ of certiorari given the split between the Ninth and Tenth Circuits. This is not a case like *Turner v. Merit Systems Protection Board*, 806 F.2d 241 (Fed. Cir. 1986), where the likelihood of Supreme Court review was too remote to warrant additional tolling. *Id.* at 245. Thus, Kerr has established a reasonable excuse for the entirety of the delay, from the 2008 EEO office's final decision to Kerr's 2017 request to the MSPB to reopen her earlier appeal.

Once "the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing." *Herring*, 778 F.3d at 1018 (quoting *Williamson v. Merit Sys. Prot. Bd.*, 334 F.3d 1058, 1064 (Fed. Cir. 2003)). Here, the agency does not identify any prejudice it would suffer from having the MSPB review Kerr's WPA claim on the merits, let alone substantial prejudice. There is no basis for a finding of prejudice: the agency has been fully aware of Kerr's WPA claim since at least her initial MSPB appeal, and the

agency litigated this claim on the merits for more than five years at the district court and on appeal until it was dismissed for lack of jurisdiction.

Because Kerr has demonstrated reasonable "diligence [and] ordinary prudence" in her efforts to have her mixed case, including the WPA claim, timely resolved and because there is no showing of prejudice to the agency, we hold that the MSPB abused its discretion in failing to excuse Kerr's untimely request to reopen her earlier MSPB appeal for good cause.[4]

## II. ELECTION OF REMEDIES

The government argues, in the alternative, that when Kerr elected to pursue her mixed case in district court, the MSPB lost jurisdiction over her WPA claim. An election of remedies typically requires the petitioner have "full knowledge of the circumstances that make both theories *available* and inconsistent." 18B Charles A. Wright, Arthur B. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4476 (2d ed. 2002) (emphasis added). Under our precedent, election of a review route that cannot afford a remedy (e.g., no jurisdiction over the claim) will generally not foreclose access to a route that can provide a remedy. *See Biogen MA, Inc. v. Japanese Found. for Cancer Research*, 785 F.3d 648, 653 (Fed. Cir. 2015) (holding that there was appellate jurisdiction over the administrative proceeding at issue pursuant to 35 U.S.C. § 141, despite the appellant's initial election of

---

[4]     Because we hold that Kerr established good cause for her delay under the applicable regulations, we need not address the question of whether the doctrine of equitable tolling would apply in this case. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145 (2013) (discussing the interaction between regulatory time limits and the doctrine of equitable tolling).

district court review under *id.* § 146 because the district court lacked jurisdiction).

The government relies on cases where the petitioner sought a second bite at the apple after review in the initially selected forum denied the claim on the merits. For example, in *Connor v. U.S. Postal Service*, 15 F.3d 1063 (Fed. Cir. 1994), we held that the MSPB lacked jurisdiction over a claim that was originally filed in the district court and was still co-pending when the complainant appealed to the MSPB. *Id.* at 1066. The district court's jurisdiction over the claim was not questioned, and ultimately the petitioner received a decision on the merits. *Connor v. U.S. Postal Serv.*, 210 F.3d 369, 2000 WL 294392 (5th Cir. 2000) (unpublished)*; see also e.g., Williams v. Dep't of Veterans Affairs*, 244 F. App'x 345, 346 (Fed. Cir. 2007) (per curiam) ("[T]he district court addressed the same issues now presented by this appeal."). Here, Kerr is merely trying to secure review of her WPA claim in the first instance, not a second chance to relitigate a decision on the merits. The election of remedies doctrine has no application when the elected remedy is not available from the selected forum, and thus Kerr's filing in district court did not constitute an effective election that stripped the MSPB of jurisdiction over her claim.

The Ninth Circuit ultimately held that the district court could not grant Kerr any relief on her WPA claim because the district court lacked jurisdiction. *See Kerr II*, 836 F.3d at 1059. Accordingly, Kerr's litigation of her mixed case, including the WPA claim, in district court did not constitute an effective election that stripped the MSPB of jurisdiction over her WPA claim.

CONCLUSION

Because the Board abused its discretion in failing to find good cause, we reverse and remand for further proceedings on the merits.

**REVERSED AND REMANDED**

COSTS

Costs to the petitioner.