NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT F. ZACHARIASIEWICZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-1782

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-18-0556-W-2.

---

Decided:  February 8, 2021

---

ROBERT F. ZACHARIASIEWICZ, JR., Aldie, VA, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before MOORE, REYNA, and STOLL, *Circuit Judges*.

PER CURIAM.

Robert F. Zachariasiewicz petitions for review of the Merit Systems Protection Board's decision dismissing his individual right of action appeal as untimely refiled without good cause for delay. Mr. Zachariasiewicz argues that a remand is necessary because the Board erred in its ruling regarding the timeliness of his appeal. Because we conclude that the Board did not abuse its discretion in dismissing the appeal, we affirm the Board's decision.

## BACKGROUND

On May 24, 2018, Mr. Zachariasiewicz filed an appeal with the Board alleging that the Department of Justice Drug Enforcement Administration (DEA) failed to select him for several promotions and subjected him to a hostile work environment because of his whistleblowing disclosures, sex, race, and prior equal employment opportunity (EEO) activity. In October 2018, the Board issued an order explaining that it lacked jurisdiction over Mr. Zachariasiewicz's discrimination and EEO reprisal claims, but that it had jurisdiction over his whistleblower reprisal claims. In November 2018, Mr. Zachariasiewicz moved to stay the Board proceedings while he litigated his discrimination and retaliation claims in district court. S.A. 53–57. On November 30, 2018, the Board granted Mr. Zachariasiewicz's motion, dismissed the appeal without prejudice, and instructed Mr. Zachariasiewicz to "refile his appeal no sooner than 36 days and no later than 90 days after the date of this decision." S.A. 20–22.

On January 11, 2019, Mr. Zachariasiewicz filed suit in the U.S. District Court for the Eastern District of Virginia asserting, among other claims, that he was retaliated against for whistleblowing disclosures and unlawfully denied promotions. S.A. 50. On August 7, 2019, the district court dismissed the case for lack of subject-matter jurisdiction and failure to state a claim. *Zachariasiewicz v. U.S. Dep't of Justice*, 395 F. Supp. 3d 734, 738–41 (E.D. Va.

2019).   Over five months later, on January 29, 2020, Mr. Zachariasiewicz filed a motion to reopen his Board appeal.  S.A. 48–52.  On March 6, 2020, the Board dismissed the appeal as untimely and determined that Mr. Zachariasiewicz "failed to demonstrate good cause for his delay in refiling the appeal" after missing the filing deadline by eleven months.  S.A. 1, 10–11.

Mr. Zachariasiewicz appeals the Board's decision.  We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"We review the Board's good cause determination for abuse of discretion."  *Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1311 (Fed. Cir. 2018) (citing *Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013 (Fed. Cir. 2015)).  "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c).  The appellant must show that he exercised diligence and ordinary prudence for his filing delay to be excusable.  *Kerr*, 908 F.3d at 1311.  The Board considers several factors in determining whether good cause warrants waiving a refiling deadline: (1) the appellant's pro se status; (2) the timeliness of the initial appeal; (3) the appellant's intent throughout the proceedings to file an appeal;  (4) the  length  of  delay  in  refiling;  (5) confusion surrounding the refiling deadline; (6) the number of dismissals without prejudice; (7) the agency's failure to object to the dismissal without prejudice; (8) the lack of prejudice to the agency in allowing the refiled appeal; (9) excusable neglect, negligence, unavoidable casualty, and circumstances beyond the appellant's control.  *See id.* (citing *Herring*, 778 F.3d at 1013–14); *Gaddy v. Dep't of the Navy*, 100 M.S.P.R. 485, 489 (2005).

The Board expressly considered all of these factors and ultimately  concluded  that  Mr. Zachariasiewicz  did  not

show good cause for his eleven-month delay in refiling. S.A. 4–11. Specifically, the Board considered the fact that Mr. Zachariasiewicz was represented by counsel, his initial appeal was untimely, he was aware of the deadline to re-file, he had previous appeals based on the same claims dismissed within the same year without prejudice, and the DEA objected to dismissal without prejudice. S.A. 4–10. The Board also reasonably determined that allowing the refiled appeal would result in substantial prejudice to the agency because the agency was prepared to proceed in December 2018. S.A. 7–10. Moreover, the Board found that although Mr. Zachariasiewicz expressed his intent to re-file, he missed the deadline for refiling by eleven months. S.A. 5–6. We discern no abuse of discretion in the Board's determination that there was no good cause for waiving the refiling deadline based on its weighing of these factors. "[T]his court will not substitute its own judgment for that of the Board" when reviewing the Board's weighing of these factors. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

## CONCLUSION

Accordingly, we affirm the decision of the Board.

## **AFFIRMED**

## COSTS

No costs.