NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ODEIU POWERS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1303

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-21-0418-I-3.

---

Decided: September 13, 2024

---

ODEIU POWERS, Atlanta, GA, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE.

---

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and MURPHY, *District Judge*.[1]

PER CURIAM.

Odeiu Powers appeals from a decision of the Merit Systems Protection Board (MSPB) dismissing her administrative appeal for lack of jurisdiction. For the reasons set forth below, we *affirm*.

## BACKGROUND

Ms. Powers worked for the United States Census Bureau from February 2008 to October 2009. S. Appx. 31.[2] She asserts she completed a one-year probationary period in that position. *Id.*; *see also* Appellant's Informal Br. at 1. On March 9, 2015, after about a 5.5-year break in service, she was appointed to an auditor position with the Department of Homeland Security (DHS) Office of Inspector General, a position requiring a one-year probationary period. S. Appx. 19.

On December 7, 2015, within the one-year probationary period, DHS terminated her employment for misconduct. *Id.* at 19–20. The termination letter informed Ms. Powers of her right to contest the action through one of three avenues: (1) appeal to the MSPB if she believes the action is based on (a) partisan political reasons, or (b) marital status; (2) contact the DHS, Office of Equal Employment Opportunity (OEEO) if she believes the action resulted from prohibited discrimination or appeal to the MSPB; or (3) if she alleges the action is being taken against her because of reprisal for whistleblowing, (a) filing an

---

[1]    Honorable John F. Murphy, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[2]    "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

appeal to the MSPB or (b) filing a complaint with the Office of Special Counsel (OSC) and any subsequent appeal to the MSPB will be deemed an Individual Right of Action (IRA) appeal. *Id.* at 20–22. Ms. Powers pursued all three avenues despite the letter informing her that she could only elect one avenue.

Ms. Powers first filed a whistleblower complaint with OSC alleging DHS terminated her because she filed a grievance. S. Appx. 55. In March 2016, OSC notified her of its preliminary determination to close its inquiry into her complaint. S. Appx. 57. On April 7, 2016, OSC made a final determination declining to investigate further. *Id.* On April 26, 2016, Ms. Powers timely filed an IRA appeal to the MSPB. *Id.* at 55, 57. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because she had not alleged engagement in protected whistleblower activities under 5 U.S.C. § 2302(b)(9)(A)(i). *Id.* at 55–61. Ms. Powers did not file a petition for review with the MSPB and the initial decision became final on February 9, 2017.

On April 13, 2016, after OSC made a final determination unfavorable to Ms. Powers, she filed a discrimination complaint to OEEO alleging race discrimination. S. Appx. 71. The Equal Employment Opportunity Commission (EEOC) rendered a final administrative decision on the merits and found she failed to show DHS discriminated against her. *Id.* at 72–74. The EEOC decision informed Ms. Powers that she has the right to file a civil action in district court. *Id.* at 75. In February 2019, Ms. Powers filed a complaint in district court. S. Appx. 78. The District Court for the Southern District of Florida dismissed the case without prejudice because she willfully refused to comply with the court's order requiring her to respond to DHS' motion to dismiss. *Id.* at 78–85. Ms. Powers appealed the dismissal to the Eleventh Circuit, which affirmed. S. Appx. 90–98.

On May 22, 2021, while her case was pending in district court, Ms. Powers appealed to the MSPB alleging DHS improperly fired her without due process because she was not a probationary employee at the time of her termination. S. Appx. 18.  DHS filed a motion to dismiss.  S. Appx. 14. The administrative judge issued an initial decision dismissing the appeal as untimely filed or, in the alternative, for lack of jurisdiction. S. Appx. 5.  Regarding lack of jurisdiction, the administrative judge found Ms. Powers made a binding election of remedy when she chose to pursue her termination claims with OSC followed by an IRA appeal to the MSPB. *Id.* at 8–9.  The administrative judge cited the December 7, 2015 termination letter, which informed Ms. Powers of the following: "You have the right to contest this action through one of the avenues outlines below.  However, you may elect only one avenue and your election will be considered final based on which action is filed first."  S. Appx. 20.

Ms. Powers timely filed a petition for review with the MSPB alleging the instant appeal was a "re-filing" of her timely IRA appeal, but the administrative judge improperly dismissed it based on the erroneous finding that she was a probationary employee. S. Appx. 44, 49.  She alleged, for the first time in the appeal, her termination was based on race discrimination. *Id.* at 45; *see also* S. Appx. 18.

The MSPB issued a final decision denying the petition for review and affirming the dismissal for lack of jurisdiction because Ms. Powers made a knowing and binding election to file a complaint with OSC, and a subsequent IRA appeal to the MSPB, rather than file a direct appeal of her

termination to the MSPB.[3]  S. Appx. 2.  Ms. Powers appeals.

## DISCUSSION

### I

"A mixed case is one in which a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the MSPB and (2) attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws." *Harris v. Sec. & Exch. Comm'n*, 972 F.3d 1307, 1317–18 (Fed. Cir. 2020) (citation omitted); *see also* 5 U.S.C. § 7702(a)(1), 29 C.F.R. § 1614.302(a), 5 C.F.R. § 1201.151.  When the MSPB dismisses a mixed case, the proper review forum is the district court, not the Federal Circuit. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 423, 427 (2017) ("[I]n mixed cases . . . in which the employee (or former employee) complains of serious adverse action prompted, in whole or in part, by the employing agency's violation of federal antidiscrimination laws, the district court is the proper forum for judicial review.").

If Ms. Powers' race discrimination claim is properly before us on appeal, then the district court, not this court, would not have jurisdiction to review this case.  However, this is not a mixed case because Ms. Powers did not allege

---

[3]    The MSPB affirmed the initial decision on this ground only and did not reach Ms. Powers' arguments on the alternative ground for dismissal regarding timeliness. S. Appx. 2.  Ms. Powers also made a merits-based argument that the administrative judge erred by not applying the harmful error standard in 5 C.F.R. § 1201.56 applicable to MSPB merits determinations on agency adverse actions. S. Appx. 51–52.  The MSPB could not reach that argument because it determined it lacked jurisdiction over Ms. Powers' appeal.

her termination was motivated by race discrimination before the administrative judge. *See* S. Appx. 18; *see also* S. Appx. 45 (alleging race discrimination for the first time in petition for review by the MSPB). Thus, she cannot assert her discrimination claim on appeal. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("[I]f the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue."). Accordingly, we have jurisdiction under 28 U.S.C. § 1295(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

We review the MSPB's decision to determine if it is: "(1) arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the MSPB has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 756 (Fed. Cir. 2020). As the petitioner, Ms. Powers has the burden of establishing, by a preponderance of the evidence, that the MSPB has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(A).

Under 5 U.S.C. § 7121(g), an employee who believes she has suffered retaliation for whistleblowing disclosures may elect only one of three available remedies: (1) a direct appeal to the MSPB, (2) a grievance filed pursuant to the negotiated grievance procedure, or (3) a complaint with OSC followed by an IRA appeal to the MSPB if OSC denies corrective action. *Holderfield v. Merit Sys. Prot. Bd.*, 326 F.3d 1207, 1210 (Fed. Cir. 2003). By pursuing one of the remedies, an employee "elects" that remedy and no longer has access to the other remedies. 5 U.S.C. § 7121(g)(2) ("An aggrieved employee affected by a prohibited personnel practice described in paragraph (1) may elect not more

than one of the remedies described in paragraph (3) with respect thereto."); *see also* 5 U.S.C. § 7121(g)(4).

Prior to filing the instant appeal to the MSPB on May 22, 2021, Ms. Powers had already filed a whistleblower complaint with OSC and a subsequent IRA appeal to the MSPB in 2016 challenging her termination. S. Appx. 55, 57. Even though OSC declined to investigate and her IRA appeal was dismissed for lack of jurisdiction, S. Appx. 55–61, that election was binding and precludes her from pursuing the instant appeal to the MSPB for the same personnel action.[4]

On appeal, Ms. Powers asserts error on two grounds. First, she argues her election was not binding because DHS "misled" her about her right of appeal. Appellant's Informal Br. at 2. The MSPB found Ms. Powers "made a

---

[4] Although an election may not be binding if the chosen forum lacks jurisdiction, that is not the case here. *See Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1314 (Fed. Cir. 2018) ("Under our precedent, election of a review route that cannot afford a remedy (e.g., no jurisdiction over the claim) will generally not foreclose access to a route that can provide a remedy."). The statute does not condition the effectiveness of an election on whether OSC granted corrective action but on whether an employee "has sought corrective action from [OSC] by making an allegation under section 1214(a)(1)." 5 U.S.C. § 7121(g)(4)(C). Ms. Powers sought corrective action from OSC by filing a complaint that made an "allegation of a prohibited personnel practice" under 5 U.S.C § 1214(a)(1). The alleged prohibited personnel practice—DHS' termination of her in reprisal for her filing of a grievance—falls under 5 U.S.C. § 2302(b)(9)(A), which prohibits a personnel action against an employee because of the employee's "exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation."

knowing, informed, and binding election of remedies by filing a complaint with OSC and subsequent IRA appeal with the [MSPB]." S. Appx. 11. Substantial evidence supports the MSPB's factual finding because the December 7, 2015 termination letter informed Ms. Powers that she "may elect only one avenue and [her] election will be considered final based on which action is filed first." S. Appx. 20. The letter also informed Ms. Powers of her three appeal options, including that if she elected to bring a complaint with OSC, any subsequent appeal to the MSPB would be limited to "rights associated with an IRA appeal" (i.e., whistleblower claims). *Id.* at 21–22.

Second, Ms. Powers argues her election was "relevant only for the claims of whistleblower and disparate treatment appeals" and not for her current claims of harmful error and due process deprivation. Appellant's Informal Br. at 5. But the statute does not provide an exception to a binding election of remedy for different legal theories. *See* 5 U.S.C. § 7121. Ms. Powers' claims of harmful error and due process deprivation arise from the same personnel action that she elected to pursue with OSC. Thus, her previous election remains binding on these claims, and the MSPB correctly dismissed Ms. Powers' appeal of lack of jurisdiction.

## CONCLUSION

We have considered Ms. Powers' remaining arguments and find them unpersuasive. For the reasons stated above, the MSPB lacks jurisdiction over this case. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.