NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KARLA P. BENTON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1507

---

Petition for review of the Merit Systems Protection Board in Nos. DA-0432-17-0073-I-1, DA-0752-17-0073-I-1.

---

Decided: October 14, 2025

---

KARLA P. BENTON, Nashville, TN, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Karla P. Benton petitions pro se for review of a final order of the Merit Systems Protection Board ("Board") dismissing as untimely her petition for review of an initial decision. *See Benton v. Dep't of Homeland Sec.*, DA-0432-17-0073-I-1 (M.S.P.B. Jan. 8, 2025) ("*Final Order*"). We *affirm*.

## BACKGROUND

On November 23, 2016, Ms. Benton filed an appeal with the Board, challenging her removal from employment at the Department of Homeland Security ("DHS"). While the appeal was pending, Ms. Benton and DHS entered into a settlement agreement in which Ms. Benton agreed to withdraw her appeal with prejudice. On March 2, 2017, the administrative judge issued an initial decision approving the settlement agreement and dismissing the appeal. *See Benton v. Dep't of Homeland Sec.*, DA-0432-17-0073-I-1, at 2 (M.S.P.B. Mar. 2, 2017) ("*Initial Decision*"). That decision stated "[t]his initial decision will become final on **April 6, 2017**, unless a petition for review is filed by that date." *Initial Decision* at 3 (emphasis in original). No such petition was filed before the April 6, 2017, deadline.

Nearly four years later, on January 28, 2021, Ms. Benton sought administrative review of the *Initial Decision* by the full Board. The Acting Clerk of the Board notified Ms. Benton that her petition for review was untimely and that she could file a motion for the Board to accept the filing as timely and/or to waive the time limit for good cause. Ms. Benton filed a motion, arguing that "(1) the agency acted improperly during her initial appeal; (2) she was forced to settle; (3) she suffered significant financial distress in the years after her appeal; and (4) there is no deadline to 'correct the destruction of [her] life.'" *Final Order*

at 2 (alteration in original) (citing S. App'x 25–28).[1]  After considering Ms. Benton's motion, the Board dismissed Ms. Benton's petition for review as untimely, determining that the almost four-year filing delay was "significant" and that her motion did "not offer a persuasive excuse, show that she acted with diligence, or set forth circumstances beyond [her] control that affected her ability to comply with the filing limit." *Id.* at 3 (footnote omitted).

Ms. Benton petitions for review.  We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

We may disturb the decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *accord Valles v. Dep't of State*, 17 F.4th 149, 151 (Fed. Cir. 2021).

Under the Board's regulations, a petition for review must be filed "within 35 days after the date of the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance [of the initial decision], within 30 days after the date the petitioner received the initial decision." 5 C.F.R. § 1201.114(e).  The April 6, 2017, deadline was 35 days after the issuance of the *Initial Decision*.[2]  Here, the Board found that Ms. Benton sought review on January 28, 2021—nearly four years after the April 6, 2017,

---

[1]  "S. App'x" refers to the supplemental appendix filed with the government's informal brief at Dkt. No. 18.

[2]  Ms. Benton does not argue on appeal that she received the *Initial Decision* "more than 5 days after [its] date of issuance," 5 C.F.R. § 1201.114(e), so we need not address the associated 30-day deadline.

deadline.  Despite Ms. Benton's assertion that her petition "was actually filed timely," Dkt. No. 13 at 17, she did not present any evidence that she filed her petition for review by the April 2017 deadline.[3]  Where, as here, a petition for review is untimely filed, the Board may waive its time limit only upon a showing of good cause.  5 C.F.R. § 1201.114(g).

Delay is generally excusable "where, under the circumstances, a petitioner exercises diligence or ordinary prudence." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).  In determining whether good cause for delay is shown, the Board may consider several factors including the following:

> the length of the delay; whether the appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected [her] ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1311 (Fed. Cir. 2018) *(quoting Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013–14 (Fed. Cir. 2015)).  "[W]hether the regulatory time limit for an appeal should be waived based upon a

---

[3]    Ms. Benton claims that, in an order dated February 26, 2021, the Board found that her petition was timely.  This is incorrect.  The February 26, 2021, order did not refer to the timeliness of Ms. Benton's request for review by the full Board but instead found "sufficient cause for an extension" to file a reply to the agency's response brief in her case.  Dkt. No. 13 at 31.

showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza*, 966 F.2d at 653.

Here, the Board considered the relevant factors and determined that Ms. Benton failed to establish good cause for her filing delay. Specifically, the Board considered the "length of the delay," *Kerr*, 908 F.3d at 1311, and found that the four-year filing delay was "significant," *Final Order* at 3. The Board implicitly found Ms. Benton "was notified of the time limit or was otherwise aware of it," *Kerr*, 908 F.3d at 1311, because the Board explained that the *Initial Decision* "specifically stated that the deadline to file a petition for review was April 6, 2017," and that the decision "provided information on how to file a petition for review." *Final Order* at 2. The Board also considered "the existence of circumstances beyond the control of the appellant." *Kerr*, 908 F.3d at 1311. It considered Ms. Benton's arguments alleging misconduct by DHS and the circumstances surrounding her settlement, but determined there was "nothing in the record [to] suggest[] that [Ms. Benton] was prevented from raising these arguments in a timely manner." *Final Order* at 3–4. The Board further found that Ms. Benton's claims about problems accessing the Board's filing system were "vague" and unsupported, and, again, that Ms. Benton had not explained how these issues prevented her from filing her petition for nearly four years. *Id.* at 4 n.3. The Board reasonably determined from these findings that Ms. Benton's assertions did not "show that she acted with diligence[] or set forth circumstances beyond [her] control that affected her ability to comply with the filing limit." *Id.* at 3. The Board did not err in determining that Ms. Benton failed to make a showing of good cause.

On review to this court, Ms. Benton argues that "the petition was accepted as discussed with [a Board representative, Lisa White] prior to" Ms. Benton's January 2021 submission and that she supposedly told Ms. Benton there was no statute of limitations for the filing. Dkt. No. 13

at 18–19.  However, Ms. Benton does not allege that this discussion occurred before the April 2017 deadline, and any conversation that occurred after the deadline does not provide good cause for the late filing.  Ms. Benton also appears to point to a "weather issue," an issue with a fax machine, and confusion over where to file her petition as circumstances beyond her control.  *See* Dkt. No. 13 at 20–22.  She has not specifically alleged that any of these events occurred before the original deadline.  In any event, she fails to explain how these circumstances could justify a multi-year delay.

## CONCLUSION

We have considered Ms. Benton's remaining arguments and find them unpersuasive.  Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.