NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICKY J. BARRERA-GARCIA,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2025-1610

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-23-0291-I-2.

---

Decided: December 5, 2025

---

CHRISTOPHER D. VAUGHN, The Vaughn Law Firm, LLC, Decatur, GA, for petitioner.

ELIZABETH W. FLETCHER, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., for respondent. Also represented by ALLISON J. BOYLE, KATHERINE M. SMITH.

---

Before LOURIE and STOLL, *Circuit Judges*, and OETKEN, *District Judge*.[1]

PER CURIAM.

Former Department of the Army ("DOA") employee Vicky J. Barrera-Garcia petitions for review of a final decision of the Merit Systems Protection Board ("the Board") dismissing her appeal as untimely filed without good cause in DA-0752-23-0291-I-2.  J.A. at 2.[2]  For the following reasons, we *affirm*.

## BACKGROUND

On April 3, 2023, the DOA, via letter, removed Barrera-Garcia from her position as an Occupational Therapy Assistant effective immediately based on allegations of "falsification of timecard and lack of candor."  J.A. at 11, 34–35.  The Standard Form ("SF") documenting her removal, however, stated the effective date was April 5, 2023. *Id.*  The United States Postal Service tracking record reflects that Barrera-Garcia received the notice on April 5, 2023. *Id.* at 12.

On May 11, 2023, Barrera-Garcia filed an appeal with the Board. *Id.*  In an initial decision, an administrative judge ("AJ") dismissed the appeal as untimely filed. *Id.* at 10.  The AJ explained that, per 5 C.F.R. § 1201.22(b), Barrera-Garcia was required to file her appeal with the Board by May 5, 2023—one month after she received notice of her termination. *Id.* at 12–13.  Because her appeal was filed after the deadline without good cause for delay, *id.* at 13–17, the AJ dismissed the appeal as untimely filed. *Id.* at 18.  The Board then affirmed the AJ, adopting her initial decision as its final decision. *Id.* at 2.

---

[1]  Honorable J. Paul Oetken, District Judge, United States District Court for the Southern District of New York, sitting by designation.

[2]  J.A. refers to the Joint Appendix filed at ECF No. 17.

Barrera-Garcia now appeals to this court. Both parties waived oral argument. ECF Nos. 26, 27. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Generally, "an appeal [to the Board] must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). "If a party does not submit an appeal [to the Board] within the time set by statute, regulation, or order of a [Board] judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." *Id.* § 1201.22(c).

Based on the effective date of dismissal of April 5, 2023, and Barrera-Garcia's receipt of the decision on the same date, Barrera-Garcia's deadline for appeal to the Board was May 5, 2023, 30 days thereafter. *See id.* § 1201.22(b)(1). Barrera-Garcia filed her appeal with the Board on May 11, 2023. J.A. at 11. Therefore, for her appeal to not be dismissed for untimeliness, Barrera-Garcia is required to establish good cause for the delay. *See* 5 C.F.R. § 1201.22(c).

"The appellant bears the burden of establishing 'good cause' for the delay." *Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1311 (Fed. Cir. 2018) (quoting 5 C.F.R. § 1201.56(b)(2)(i)). "To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that [she] exercised due diligence in attempting to meet the filing deadline." *Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1017 (Fed. Cir. 2015) (citations and quotation marks omitted). "The decision to waive the time limit to appeal to the Board is committed to the discretion of the Board, and is reversed only for abuse of that discretion." *Id.* at 1013.

To evaluate whether a petitioner has demonstrated good cause for delay, we look to a variety of nonexclusive criteria, including:

> [T]he length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Id.* at 1013–14 (citations and quotation omitted).

Before the AJ, Barrera-Garcia argued that she was confused as to the effective date of termination. *See* J.A. at 14–15. She also argued that her attorney gave her the incorrect date for her filing deadline and that her untimely filing was due to an illness. *Id.* at 14–16. The AJ rejected those arguments because Barrera-Garcia (1) had clear notice of the effective date of her removal via her SF document; and (2) did not provide evidence that her attorney's advice or her illness affected her ability to file an appeal by May 5, 2023. *Id.* The AJ also found her period of delay was not minimal, citing a previous Board decision determining that a delay of nine days was not minimal. *Id.* at 16–17. The AJ accordingly determined that Barrara-Garcia had not established good cause to excuse her delay. *Id.* at 18. As indicated, the Board affirmed the AJ and adopted her decision as its final decision. *Id.* at 2.

On appeal, Barrera-Garcia argues the Board, in affirming the AJ's decision, abused its discretion because the length of delay was minimal and her appeal was "thwarted by [her] counsel's negligence." Pet'r Br. at 5–6.

But, as just recounted, the AJ already considered and rejected these arguments, and provided a reasonable explanation for doing so. Accordingly, the AJ's conclusion, and the Board's affirmance, was not an abuse of discretion such that we will disturb the findings. *See Womack v. Merit Sys. Prot. Bd.*, 798 F.2d 453, 456 (Fed. Cir. 1986) (finding no abuse of discretion where the Board considered the factual bases for delay and reasonably found them unavailing).

## CONCLUSION

We have considered Barerra-Garcia's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's dismissal of Barrera-Garcia's appeal as untimely filed without good cause.

## AFFIRMED

## COSTS

The parties shall bear their own costs.