**UNITED STATES of America,**
**Appellee,**

v.

**Dexter ISAAC, Micheline Hammouda, aka Micheline Desrosiers, aka Micheline Massey, aka Micheline Gay, aka Micheline Francois, Defendants–Appellants.**

Nos. 00–1273, 00–1322, 00–1390.

United States Court of Appeals, Second Circuit.

July 11, 2001.

82

John S. Wallenstein, Hempstead, NY, for Dexter Isaac, Anthony L. Ricco, Esq., and Edward Wilford, Esq., New York, NY, for Micheline Hammouda.

Assistant United States Attorney, Dwight C. Holton; Assistant United States Attorney, Jo Ann M. Navickas, on the brief, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Present McLAUGHLIN, LEVAL, Circuit Judges, and TRAGER, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendants-appellants Dexter Isaac and Micheline Hammouda appeal from convictions after jury trial for crimes in connection with the robbery and murder of Hammouda's husband, a taxi-cab driver. Isaac was convicted of murder for hire and conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958; Hobbs Act robbery and robbery conspiracy, in violation of 18 U.S.C. § 1951; carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and witness tampering and obstruction of justice, in violation of 18 U.S.C. § 1512(b). Hammouda was convicted of murder for hire and conspiracy to commit murder for hire, and Hobbs Act robbery and robbery conspiracy. The district court sentenced

* The Honorable David G. Trager, District Judge, United States District Judge, Eastern District of New York, sitting by designation.

Isaac to life imprisonment plus five years, and sentenced Hammouda to life imprisonment. We affirm.

Both defendants contend that the evidence at trial was insufficient to establish the effect on interstate commerce required to support their Hobbs Act convictions. We disagree. One object of the robbery was to steal the funds of Hammouda's husband's taxi business, which were estimated to be $30,000. The taxi business was engaged in interstate commerce, making regular trips to the Newark, New Jersey airport. Moreover, Hammouda's husband was on his way to make a payment on the lease for his taxi-cab when he was killed. These acts met the minimal required showing of effect on interstate commerce. *See United States v. Farrish*, 122 F.3d 146, 148–49 (2d Cir. 1997) (holding that very slight effects, potential effects, or subtle effects on interstate commerce are sufficient to satisfy the interstate commerce requirement of the Hobbs Act); *see also United States v. Calder*, 641 F.2d 76, 78 (2d Cir.1981) (interstate commerce requirement satisfied where defendants robbed a restaurant that had purchased beverages from Canada).

Isaac further contends that the district court erred in admitting evidence of other bad acts pursuant to Federal Rule of Evidence 404(b). At trial, the government elicited testimony from several witnesses about the defendant's prior criminal activity for the purpose of establishing Isaac's relationship of trust with certain witnesses to whom he had confessed the charged crimes. We have held that under the "inclusionary" approach to 404(b) in this Circuit, evidence of prior bad acts may be admitted for such a purpose where the prejudicial effect of the evidence does not outweigh its probative value. *See, e.g., United States v. Pipola*, 83 F.3d 556, 565 (2d Cir.1996); *United States v. Araujo*, 79 F.3d 7, 8 (2d Cir.1996). We find that the district court's decision to admit the evidence was not an abuse of discretion.

We reject Isaac's contention, submitted in a *pro se* brief, that there was insufficient nexus with interstate commerce to support his murder-for-hire conviction under 18 U.S.C. § 1958. The transfer of Hammouda's house to Isaac as payment for the murder repeatedly made use of the mails and of interstate wires.

Finally, Hammouda contends (1) that her life sentence under 18 U.S.C. § 1958 violates the Eighth Amendment's bar on cruel and unusual punishment, and (2) that it violates the Equal Protection Clause because it requires a mandatory life sentence, whereas under 21 U.S.C. § 848(e), a defendant convicted of murder in connection with a drug transaction may be sentenced to as little as twenty years in prison. Hammouda failed to raise the former claim in the district court, and therefore we decline to entertain it on appeal. The latter argument is without merit because Congress rationally may consider murder for hire a more uniformly grave offense than murder in connection with a drug transaction.

We have considered defendants' other arguments and find them to be without merit.