*Chinniah v. Fed. Energy Regul. Comm'n*

# United States Court of Appeals
# for the Second Circuit

August Term 2022
Submitted: February 27, 2023
Decided: March 15, 2023

No. 22-475

GNANA M. CHINNIAH,
AKA GNANACHANDRA M. CHINNIAH,

*Plaintiff-Appellant*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,
JOHN SPAIN, PRAPA HARAN,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of New York

Before:   CALABRESI, PARK, and NARDINI, *Circuit Judges*.

Pro se Plaintiff Gnana Chinniah filed a whistleblower claim against his former employer, the Federal Energy Regulatory Commission, and his former supervisors in the United States District Court for the Southern District of New York.   But before doing so,

Chinniah failed to exhaust his administrative remedies as required by the Whistleblower Protection Act of 1989 and the Civil Service Reform Act of 1978. The district court (Broderick, *J*.) thus dismissed the claim for lack of subject-matter jurisdiction. We **AFFIRM**.

---

Gnana M. Chinniah, pro se, Camp Hill, PA, *for Plaintiff-Appellant*.

Alyssa B. O'Gallagher, Benjamin H. Torrance, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees*.

---

PARK, *Circuit Judge*:

Pro se Plaintiff Gnana Chinniah filed a whistleblower claim against his former employer, the Federal Energy Regulatory Commission ("FERC"), and his former supervisors in the United States District Court for the Southern District of New York. But before doing so, Chinniah failed to exhaust his administrative remedies as required by the Whistleblower Protection Act of 1989 ("WPA") and the Civil Service Reform Act of 1978 ("CSRA"). The district court (Broderick, *J*.) thus dismissed the claim for lack of subject-matter jurisdiction. We affirm.

## I. BACKGROUND

Chinniah began working as a civil engineer for FERC in New York in January 2017.[1] His supervisor, Defendant Prapa Haran, required employees to sign in and out every day on a sheet in Haran's office. On July 13, 2017, Chinniah went to sign in around 7:35 am and noticed that a different employee had already "signed in" at 8:30 am. He reported this to Haran, but Haran "never showed any interest to follow up on this incident." App'x at 23.

Chinniah then reported the incident to Haran's supervisor, Defendant John Spain. Chinniah alleges that Spain "downplayed" the incident and explained that the employee may have signed in and then "left the office to perform dam safety inspections." *Id.* Chinniah insisted on scheduling a meeting to investigate the incident. Spain agreed to hold a meeting, and Chinniah sent an email to confirm the meeting with Spain but also copied other employees on the email. Spain then allegedly "came rushing into" Chinniah's cubicle and "whispered threats using derogatory language." *Id.* at 24. As Spain returned to his office, Chinniah followed him while "asking him to repeat what [he] said or give the same in writing" in a loud voice. *Id.* at 24–25. Spain then ordered that Chinniah be removed from the building, but Chinniah left voluntarily.

The next week, Chinniah said that he "did not feel fit to return to work" and requested sick leave. Spain informed Chinniah that he had been placed on administrative leave. Two months later, Chinniah was fired.

---

[1] All factual allegations are taken from Chinniah's Amended Complaint, App'x at 20–33, which we accept as true on a motion to dismiss. *Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 136 n.1 (2d Cir. 2022).

3

Chinniah sued FERC, Haran, and Spain ("Defendants") in federal district court. Chinniah primarily claimed that he was terminated in violation of the WPA. He also raised claims for conspiracy and discrimination under 42 U.S.C. § 1983 and claims for invasion of privacy and defamation under New York law. The district court dismissed Chinniah's WPA claim for lack of subject-matter jurisdiction because he failed to exhaust administrative remedies. *Chinniah v. Fed. Energy Regul. Comm'n*, No. 18-CV-8261, 2022 WL 392904, at *5 (S.D.N.Y. Feb. 9, 2022). The district court dismissed the remaining federal claims for failure to allege any protected characteristic and because FERC and its officers were entitled to sovereign immunity. *Id.* at *5–6. Finally, the district court dismissed the state-law claims as preempted by the CSRA and because in any event, it would decline to exercise supplemental jurisdiction. *Id.* at *6 & n.8. Chinniah appealed.

## II.  DISCUSSION

"We review *de novo* a district court's grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6)." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). As a pro se plaintiff, Chinniah is entitled to liberal construction of his pleadings and briefs. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam).

A.  <u>Whistleblower Protection Act Claim</u>

We affirm the district court's dismissal of Chinniah's whistleblower claim under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies.

1.  *Legal Standards*

"Under the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, certain federal employees may obtain administrative

4

and judicial review of specified adverse employment actions." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012). The CSRA "prescribes in great detail the protections and remedies applicable to adverse personnel actions against federal employees." *Id.* at 11 (cleaned up). Its "elaborate framework demonstrates Congress' intent to entirely foreclose . . . extrastatutory review . . . to those employees to whom the CSRA grants administrative and judicial review." *Id.* (cleaned up).

The WPA is part of the CSRA and prohibits certain federal employees from taking adverse personnel actions against "any employee" [2] for reporting "any violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). "The CSRA and the WPA are integrated into a single statutory scheme." *Kerr v. Jewell*, 836 F.3d 1048, 1058 (9th Cir. 2016).

Under the CSRA, employees with WPA claims must generally "seek corrective action from the [Office of] Special Counsel" and then "the [Merit Systems Protection] Board." 5 U.S.C. § 1214(a)(3); *see also id.* § 1221(a), (b). "A petition to review a final order . . . of the Board" that raises a claim under only the WPA "shall be filed in the United

---

[2] The CSRA excludes probationary employees from its definition of "employee." 5 U.S.C. § 7511(a)(1). The WPA provides some remedies to probationary employees for whistleblowing activities. *See* 5 U.S.C. § 1221; *see also Wren v. Merit Sys. Prot. Bd.*, 681 F.2d 867, 875 (D.C. Cir. 1982). The parties dispute whether Chinniah was a probationary employee at the time of his termination. We need not resolve the issue because Chinniah was required to exhaust administrative remedies whether he was a probationary employee or not.

States Court of Appeals for the Federal Circuit or any court of appeals." *Id.* § 7703(b)(1)(B); *see also Mount v. Dep't of Homeland Sec.*, 937 F.3d 37, 42 (1st Cir. 2019).

As several of our sister circuits have held, "the CSRA provides the exclusive remedy for claims brought pursuant to the WPA." *Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006); *see also Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). "Under the CSRA, exhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996); *see also Kerr*, 836 F.3d at 1058 (explaining that the CSRA's administrative exhaustion requirement applies equally to WPA claims).

### 2. *Failure to Exhaust Administrative Remedies*

The district court correctly dismissed Chinniah's WPA claim for lack of subject-matter jurisdiction. Chinniah did not file a complaint with the Office of Special Counsel or the Merit Systems Protection Board, as required by the CSRA. *See* 5 U.S.C. § 1214(a)(3). Instead, he went straight to federal court. The district court thus lacked "jurisdiction to entertain a whistleblower cause of action . . . in the first instance" because Chinniah failed to follow the proper administrative process. *See Stella*, 284 F.3d at 142.

Chinniah's arguments to the contrary are unavailing. First, he notes that the CSRA sometimes permits WPA claims to proceed in district court as part of a "mixed case." Specifically, when "an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination," *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012), there may be "several procedural paths" through administrative exhaustion, *Bonds v.*

6

*Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011).    But this is not such a case.
Chinniah did not allege discrimination based on a protected
characteristic under Title VII, which is required in mixed cases.    And
in any event, administrative exhaustion—whether jurisdictional or
not—would still be required, even if it may be accomplished in
different ways in mixed cases.    *See Jonson v. Fed. Deposit Ins. Corp.*,
877 F.3d 52, 56 (1st Cir. 2017) ("[A]n employee who fails to exhaust
available administrative remedies under the CSRA is precluded from
bringing a mixed case in federal district court.").

Second, Chinniah's argument that his failure to exhaust should
be excused on equitable grounds is meritless.    With respect to all the
issues as to which we lack jurisdiction, we note that we have "no
authority to create equitable exceptions to jurisdictional
requirements."    *Bowles v. Russell*, 551 U.S. 205, 214 (2007).    And, in
any event, Chinniah offers no reason why he should be granted such
an equitable exception.    In sum, the district court correctly
determined that it lacked jurisdiction over Chinniah's WPA claim.

B.    <u>Remaining Claims</u>

We also affirm the district court's disposition of Chinniah's
remaining claims.    First, FERC is protected by sovereign immunity.
*See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).
Second, the CSRA process subsumes other state and federal claims
related to federal employment.    *See Elgin*, 567 U.S. at 22–23; *Bush v.
Lucas*, 462 U.S. 367, 381–90 (1983).    Third, Chinniah's other federal
causes of action failed to state a claim upon which relief could be
granted because he failed to plead actionable discrimination or a
conspiracy.    *Chinniah*, 2022 WL 392904, at *5.    Fourth, the district
court did not abuse its discretion by declining to exercise

7

supplemental jurisdiction over Chinniah's state-law claims. *See Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks omitted)). Finally, it was also not an abuse of discretion to deny further leave to amend. Even setting aside Chinniah's failure to seek further leave to amend from the district court and the fact that any allegations of race-based discrimination are conclusory, his discrimination claim would not save his case because he still failed to exhaust administrative remedies through any of the "several procedural paths" available to litigants in a "mixed case." *See Bonds*, 629 F.3d at 378; *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022) ("[A] plaintiff need not be given leave to amend if he fails to specify . . . how amendment would cure the pleading deficiencies in his complaint." (cleaned up)).

## III. CONCLUSION

We have considered Chinniah's remaining arguments and find them to be without merit. We accordingly affirm the judgment of the district court.