22-2758-cr
United States v. Isaac

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-four.

PRESENT:
REENA RAGGI,
BETH ROBINSON,
        *Circuit Judges,*
JED S. RAKOFF,
        *District Judge.*[*]

_____

United States of America,

        *Appellee,*

v.                                                                 22-2758

Dexter Isaac,

        *Defendant-Appellant,*

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**Micheline Hammouda, AKA Micheline Gay, AKA Micheline Francois, AKA Micheline Massey, AKA Micheline Desrosiers,**

               *Defendant.*[†]

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Dexter Isaac, pro se, Victorville, CA. |
| **FOR APPELLEE:** | David C. James, Nina C. Gupta, Assistant United States Attorneys, of counsel, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 4, 2022 order of the district court is **AFFIRMED**.

*   *   *

---

[†] The Clerk's office is directed to amend the caption as reflected above.

2

Appellant Dexter Isaac filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). After the district court denied his motion, he moved several months later for reconsideration of that denial; in that motion he raised new arguments in support of release. The district court denied the motion as untimely and otherwise without merit. Isaac appealed. As explained below, treating Isaac's second motion as a new request for a sentence reduction rather than an untimely motion for reconsideration, we conclude that the district court did not abuse its discretion in denying relief on the merits. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

## I. Background

The charges in this case stemmed from a 1997 murder-for-hire scheme in which Isaac agreed to murder his co-defendant's husband in exchange for, among other things, the rights to the co-defendant's Long Island home. Isaac waited at the victim's home and then shot him in the head as he left his building. He then moved into the Long Island home. While detained pretrial, Isaac sought to

prevent witnesses from testifying and instructed his ex-girlfriend to destroy evidence.

A jury convicted Isaac of seven counts, including one conspiratorial and one substantive count of murder-for-hire, 18 U.S.C. § 1958, and one count of using a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). The district court sentenced Isaac to a cumulative term of life plus sixty months, as required by statute. 18 U.S.C. § 1958(a). We affirmed the judgment on direct appeal. *See generally United States v. Isaac*, 14 F. App'x 81 (2d Cir. 2001) (summary order).

In 2020, Isaac moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). He cited several underlying medical conditions that heightened his vulnerability to COVID-19 as extraordinary and compelling reasons for his release and argued that he had rehabilitated in prison.

The district court denied his motion, concluding that Isaac had not demonstrated sufficiently extraordinary or compelling reasons to justify a sentence reduction, as required for relief under § 3582(c)(1). As relevant here, the court determined that Isaac failed to show that his facility could not "reasonably protect him from COVID-19 or manage his medical conditions." App'x 148.

Over ten months later, Isaac moved for reconsideration. In addition to again citing the risks presented by COVID-19 and arguing that his sentence was unusually long, he now argued that he was also penalized for going to trial and would not have received a life sentence under the advisory Sentencing Guidelines after *United States v. Booker*, 543 U.S. 220 (2005).

The district court denied the motion. Among other things, the court reasoned that the motion was untimely under the rules governing reconsideration, but even assuming it was not, Isaac had still not presented extraordinary and compelling reasons for a sentence reduction because he was vaccinated and the pandemic was waning in seriousness. Isaac's sentence was also not unusually long, nor had he suffered a trial penalty because the sentence was statutorily mandated. And because *Booker* did not apply retroactively, it was irrelevant to Isaac's sentence. Isaac appealed.

## II. Discussion

Isaac's motion for reconsideration was untimely if construed strictly as a motion for reconsideration. *See* E.D.N.Y. Loc. Crim. R. 49.1(d). But in light of our obligation to construe pro se submissions liberally, *see Chinniah v. FERC*, 62 F.4th 700, 702 (2d Cir. 2023), we recognize that it also could have been treated as a

5

new request for compassionate release, despite its caption. We thus review the order on appeal as a denial of an independent motion for sentence reduction rather than as an untimely motion for reconsideration of the district court's prior order.

A district court may, in an exercise of its discretion, reduce a defendant's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)(A)—the "compassionate release" provision—if (1) the defendant has exhausted administrative remedies, (2) the § 3553(a) sentencing factors favor a sentence reduction, and (3) the defendant's circumstances are extraordinary and compelling. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). We review the denial of such a motion for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Under this deferential standard, we will affirm unless the district court has made a legal or factual error, or has otherwise issued a ruling outside "the range of permissible decisions." *Keitt*, 21 F.4th at 71.

The district court did not abuse its discretion in determining that Isaac failed to show extraordinary and compelling circumstances, a sufficient basis to affirm. *See id.* at 73. The court permissibly determined that Isaac's argument for extraordinary and compelling circumstances had become less persuasive due to the waning of the pandemic and Isaac's own vaccination. Although Isaac cites

6

decisions where judges exercised their discretion differently, those do not demonstrate that the district court's decision here fell outside of the range of what is permissible. *See id.* at 71.

In addition, the district court did not abuse its discretion in rejecting Isaac's argument that his sentence was unusually long, and that the court should grant a sentence reduction because he was sentenced prior to the United States Supreme Court's decision in *Booker*. Isaac's life sentence was driven by a statutory minimum, not a Guidelines calculation or the sentencing court's exercise of discretion. *See* 18 U.S.C. § 1958(a).

\* \* \*

We have considered Isaac's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7